ROCCO ABBONDOLA, an Infant over the Age of Fourteen Years, by ANTHONY ABBONDOLA, His Guardian ad Litem, and ANTHONY ABBONDOLA, Plaintiffs, v. EDWIN KAWECKI and STANISLAUS KAWECKI, Defendants.

Supreme Court, Special Term, Kings County, July 24, 1941.

*O. M. Clark*, for the plaintiffs.

*Chauncey L. Grant*, for the defendants.

*Hayt & Hayt*, for the Nassau Hospital.

McGAREY, J.   The infant plaintiff sustained personal injuries for which he recovered a judgment after trial.   The father likewise recovered judgment after trial, his recovery being limited in amount to the hospital bill.

The respondent hospital claims liens both upon the recovery by the infant and the recovery by the father.   It claims an equitable lien by virtue of an assignment by the father two days prior to the service of the summons.   It claims a statutory lien by virtue of section 189 of the Lien Law   The assignment in question is absolute in form.   It covers the bill rendered by the hospital in accordance with its charges, reasonable or otherwise.   The Legislature gave the hospital a lien to secure payment of its reasonable charges at cost rates.   Where the hospital, by taking an assignment, has already secured the payment of its total bill, the necessity for such lien no longer exists and section 189 does not apply.

The respondent hospital cites certain cases in support of its contention that it has valid liens against both recoveries.   The cases cited, however, are clearly distinguishable from the facts here. *Ferguson* v. *Ruppert* (166 Misc. 530) merely held that where a lien was filed the infant could properly include hospital expenses as part of his damage.   However, it would seem that if the Legislature intended to change the rule that an infant may not recover for medical expenses and that such recovery is limited to the parent who is liable for the payment of the expense incurred, it could, and would plainly have so stated.

Here the father recovered in his own action judgment for medical expenses incurred.   Under the circumstances there could be no recovery by the infant as well, and the infant made no claim for the same.   The judgment in favor of the infant having excluded any recovery for medical expense, no lien based on such medical expense may attach to the infant's recovery.   The extent of the

defendant's liability was fixed after trial and not by settlement or voluntary payment.

The so-called equitable assignment by the father to the hospital does not take priority over the attorney's claim on the recovery in favor of the father. There could be no assignment of the cause of action to recover damages for personal injuries as such. (Pers. Prop. Law, § 41.) In this respect the situation here is different from that prevailing in *Reddy* v. *Zurich General Accident & Liability Ins. Co., Ltd.* (171 Misc. 69), cited by respondent, where the property damage claimed exceeded the amount of the lien. The equitable assignment could only be one which became effective upon the receipt of the proceeds of the recovery. These proceeds did not arise until the attorney's efforts and skill brought about the determination of the liability of the defendant for the accident. It is only the net amount received by the father after the payment of expenses incurred to obtain the recovery to which the equitable lien might attach Had the assignee attempted to collect, it would have incurred similar expense in obtaining the recovery. It is only just and equitable that the expense, so incurred in bringing the gross recovery into being, be deducted before considering the balance as the " proceeds " to which a lien might attach.

The statutory hospital lien (Lien Law, § 189), so far as it affects the recovery by the father, is concededly subject to the lien of the attorney, and, furthermore, is limited to reasonable charges at cost rates.

Motion to the extent that it seeks to modify the order herein dated June 27, 1941, as to the disposition of the proceeds of the judgment obtained by the infant plaintiff, denied. While the order will not be modified, the defendant may deposit into court the entire amount of the judgment obtained in favor of the father if the hospital will not accept the proceeds payable to the father after the payment of attorney's fee and disbursements. Settle order on notice.