CARLTON, Justice.
This is an appeal from a decision of the District Court of Appeal, Third District, 218 So.2d 793, which initially upheld the constitutionality of the Hospital Lien Act, Ch. 27032, Laws of Florida 1951, and various amendments thereto. The District Court also reversed a Circuit Court, Dade County, construction of the operation of the Act. Appellant brings this appeal under Article V, § 4(2), Florida Constitution, F.S.A. We affirm on both counts.
The facts pertinent to this litigation are reported in detail in the District Court opinion. We will briefly summarize them here. On November 6, 1966, Eutimio Leal was admitted as a patient at Palm Springs General Hospital. He had been injured in a serious automobile collision which apparently was caused entirely by the negligence of Joe Trollinger. Trollinger was insured by appellant, State Farm Insurance Company.
Leal’s injuries were substantial. He remained hospitalized at Palm Springs General when his attorney filed a claim against Trollinger with State Farm on No *738 vember 17. He was still hospitalized on December 21 when his attorney and a State Farm representative brought a settlement and release agreement for him to sign. After Leal signed the agreement, he was presented with a check for $9,000. This settlement was negotiated and executed without the knowledge of hospital authorities. Leal continued to receive treatment.
By January 11, 1967, Leal’s hospital bill had risen to over $7,000. The hospital’s comptroller called Leal’s attorney who previously had indicated that his client was solvent, and inquired about Leal’s ability to pay the bill. The comptroller was informed of the December 21 settlement. Subsequently, on January 14, 1967, Leal was transferred to another hospital. Nine days later appellee, Palm Springs General, filed a lien, by authority of the Hospital Lien Act, as follows:
“[U]pon any and all causes of action, suits, claims, counterclaims, and demands accruing to EUTIMIO LEAL and upon all judgments, settlements, and settlement agreements rendered or entered into by virtue thereof, on account of the injury or illness giving rise to such causes of action, suits, claims, counterclaims, demands, judgments, settlements, or settlement agreements, and which necessitated or shall have necessitated such hospital care, treatment, and maintenance as furnished the said EUTIMIO LEAL by Palm Springs General Hospital, Inc. of Hialeah.”
On February 9, 1967, hospital authorities filed a three-count complaint in Circuit Court naming appellant and the Leals as defendants. We are only concerned with Count I which was entitled “Impairment of Hospital Lien.” It asked for damages against appellant and Leal, including a reasonable attorney’s fee, after alleging that their settlement had impaired the hospital’s lien under the Act. Appellant’s answer to the complaint alleged that the Hospital Lien Act and its amendments were unconstitutional because unreasonable in classifications, and also because in reality the Act and its amendments constituted special acts passed under guise of general law. The answer also denied that the hospital had perfected any lien since the lien notice was filed after the settlement.
The Circuit Court granted appellant’s motion for summary judgment regarding Count I and held that, “[T]he hospital must file its lien before settlement is effected in order to acquire a cause of action for damages based on impairment of its statutory lien.” No ruling was made on the constitutional questions. Upon the hospital’s appeal, the District Court reversed as to the application of the Act, and in addition held that the Act with its amendments was constitutional. We will discuss these holdings briefly and in reverse order.
The District Court determined that the classifications provided by the Act itself were reasonable since the problems which the Act addressed were generally more pronounced in counties having large populations.' In regard to the amendments, the District Court cited Yoo Kun Wha v. Kelly, 154 So.2d 161 (Fla.1963), as controlling, and held that these amendments also fell within the category of reasonable classifications.
 The District Court construed the Act itself as meaning that a lien attached whenever a patient identified by the Act entered a hospitál qualifying for coverage under the Act. This lien can be perfected only upon the hospital authorities’ compliance with Section 2 of the Act. This section, which is set out with other pertinent sections in the District Court’s opinion, states that “in order to perfect such lien” the hospital authorities must file a claim of lien either “before, or within ten days after” the patient is discharged. Since the claim of lien was filed by appellee nine days after Leal’s discharge and since the other requirements of Section 2 were complied with, the District Court held that ap-pellee’s lien was perfected. Once perfected, the lien attaches to all matters de *739 scribed by the Act, including, in this case, appellant’s settlement. This being so, the District Court reversed the summary judgment.
We think that the District Court of Appeal reached a logical and sensible conclusion and we decline to disturb it. The decision appealed from is affirmed in all respects.
It is so ordered.
ERVIN, C. J., ROBERTS and THOR-NAL, JJ., and CREWS, Circuit Judge, concur.