237 So.2d 553 (1970)
DADE COUNTY, a Political Subdivision of the State of Florida, Appellant,
v.
Kenneth W. BODIE, Mary W. Livingston and Mary C. Livingston, Appellees.
No. 69-578.
District Court of Appeal of Florida, Third District.
May 12, 1970.
Rehearing Denied June 17, 1970.
Thomas C. Britton, County Atty., and Thomas P. Abbott, Asst. County Atty., for appellant.
Ser, Greenspahn, Keyfetz & Gallagher, Alvin N. Weinstein, Fred Patrox, Miami, for appellees.
Before CHARLES CARROLL, HENDRY and SWANN, JJ.
CARROLL, Judge.
Kenneth W. Bodie, the appellee, sued the owner and the operator of an automobile for personal injuries alleged to have resulted from the negligent operation thereof. Bodie was treated for such injuries in Jackson Memorial Hospital, a county hospital of Dade County, which filed and perfected a lien for its charges in the amount of $4,362.05, as provided for by Chapter 27032, Laws of Florida 1951.
While the cause was pending the parties thereto jointly filed a "Motion to Settle Hospital Lien." The motion recited that the case was one of questionable liability; that the plaintiff had received serious injuries and had incurred extensive medical costs; "That the plaintiff was treated at Jackson Memorial Hospital and the hospital bill there totals $4,362.05;" and that "an equitable settlement" of the cause for the amount of $5,000 was in prospect. The prayer of the motion was that the court *554 "settle the lien so that the matter can be settled in amicable fashion." That motion was filed on November 27, 1968.
On January 29, 1969, the parties filed a stipulation announcing settlement of the cause, with the settlement figure not shown. Based thereon the court dismissed the damage suit on January 31, 1969. Thereafter, on June 2, 1969, the trial court entered the order from which Dade County has appealed. Therein, acting on the joint motion of the parties to the damage suit to "settle" Dade County's hospital lien, the trial court pared the hospital lien to $1,000, viz:
"Ordered and Adjudged that the joint motion to settle hospital lien be, and the same is hereby granted, and the sum of $1,000.00 shall be paid to Jackson Memorial Hospital and that upon payment made to Jackson Memorial Hospital a release of lien shall be furnished to the Defendant. The settlement of this case in all further respects is approved and confirmed."
The determinative question presented on the appeal by Dade County is whether the amount which the patient may receive from the tort-feasor by suit or by settlement is subject to the hospital lien, or is subject only to such part thereof as the circuit court in its discretion shall determine may be allowed and enforced against the proceeds of a judgment or settlement.
The validity of the legislative act providing for such liens was upheld by this court in Palm Springs Gen. Hosp. v. State Farm Mut. Auto. Ins. Co., Fla.App. 1969, 218 So.2d 793, which was affirmed by the Supreme Court in State Farm Mut. Auto. Ins. Co. v. Palm Springs Gen. Hosp., Fla. 1970, 232 So.2d 737. No questions were raised here as to the validity of the lien or as to the propriety of the amount of the hospital's charges for which the lien was filed.
The statute contains no provision for such a lien to be reduced or pared down by a court in its discretion. On the contrary the statute contains provisions which reveal legislative intent for the amount represented by such a lien to be received by the hospital out of sums recovered by or on behalf of the patient through suit or settlement with a tort-feasor.
For example, the lien provided for in § 1 of the statute is for all reasonable charges for hospital care, etc. Also, in § 4 it is provided that a satisfaction of judgment or a settlement will not be effectual against such a lien unless the lienholder joins therein and executes a release of the lien, and further, that acceptance of such a release or satisfaction, in the absence of a release of the lien, shall be regarded prima facie as an impairment of such lien, for which the lienholder is given a right of action against the one accepting such settlement release or judgment satisfaction for "the reasonable cost of such hospital care, treatment and maintenance," plus attorney fees and costs.
If the lien of a hospital as provided for in the statute was not meant to be effective for its full amount (subject to a right to question the propriety of the charges comprising the same), it would not be reasonable or consistent for the statute to authorize recovery of the full amount of the hospital's (lien) charges against one who, without the hospital lien having been released, should receive a satisfaction of judgment or a release upon settlement. Conversely, since the statute allows a hospital lienor full recovery in the situation outlined above, it would be illogical to conclude that such a hospital lien should not be applied in full against proceeds of a judgment or a settlement.
We hold, therefore, that the trial court was in error in ruling that the hospital lien should be enforceable only to the extent of $1,000, against the proceeds of the settlement.
Reversed.

*555 ON PETITION FOR REHEARING
PER CURIAM.
By petition of the appellees for rehearing, addressed to this court's opinion and judgment filed May 12, 1970, it is made to appear that the county hospital filed three liens for charges for treatment of the plaintiff minor. The first lien, for $944.55, covered the period from his admission into the hospital on December 3, 1965, to discharge January 12, 1966. The second, for $1,653.80, related to treatment of the minor plaintiff on his readmission on February 28, 1966, from which he was discharged on March 30, 1966. The third, labeled "amended lien," was in the amount of $4,362.05, and recited a readmission on October 13, 1966, and discharge from the hospital on January 21, 1967.
The petition for rehearing and copies of the recorded liens submitted therewith reveal that the third or last of those liens was not signed. The typing at the foot thereof shows it was prepared for signature of Everett Rice, Credit Manager (of Jackson Memorial Hospital). However, no signature was appended thereto.
Under our opinion filed May 12, 1970, the full amount of the perfected lien of the county is enforceable against the proceeds of judgment against, or settlement of the plaintiff with the tort-feasor. But as indicated above, through the petition for rehearing doubt is disclosed as to the amount for which the county has a perfected hospital lien. First, there is shown to be doubt as to whether the above described lien of the county for the third admission of the minor plaintiff attained perfected status, because of the disclosure that it was not signed by an official or representative of the hospital. Secondly, there appears to be doubt as to whether the amended lien for $4,362.05 represented a charge for the period of the last admission alone, or included the amounts of the earlier liens as well as charges incident to the last readmission.
We make no ruling on those questions relating to the validity and amount of the county's lien or liens, but upon remand of the cause refer such questions for consideration and determination by the trial court.
In other respects the petition for rehearing is denied, and our opinion and judgment filed May 12, 1970, are adhered to.