CARROLL, Judge.
An action for damages for personal injuries was filed in the circuit court of Dade County by Antonio Perez, Jr., a minor, through his father Antonio Perez, Sr., as next friend and guardian, and by the latter individually for derivative damages, against one Gerald Simpson alleged to have proximately caused the minor plaintiff’s injuries by negligent operation of an automobile.
Perez, Jr., was treated at Jackson Memorial Hospital, owned and operated by Dade County, which filed a lien for its charges of $1,931.95, as provided for in Chapter 27032, Laws of Florida 1951. Settlement of the damage suit was effected for $1,780. In a proceeding in the cause, after notice to the county, in which the propriety of the hospital charges was not disputed, the trial court pared the county’s hospital lien to $200. The county appealed.
In the recent case of Dade County v. Bodie, Fla.App. 1970, 237 So.2d 553 (opinion filed May 12, 1970), this court reversed an order which pared a similar hospital lien of $4,362.50 to $1,000 and limited to that amount the enforcement of the lien against the proceeds of a settlement of the personal injury damage suit involved there. In the Bodie case this court said:
“The determinative question presented on the appeal by Dade County is whether the amount which the patient may re-. ceive from the tort-feasor by suit or by settlement is subject to the hospital lien, or is subject only to such part thereof as the circuit court in its discretion shall determine may be allowed and enforced against the proceeds of a judgment or settlement.
% * % s{c j(c ifi
“The statute contains no provision for such a lien to be reduced or pared down by a court in its discretion. On the contrary the statute contains provisions which reveal legislative intent for the amount represented by such a lien to be received by the hospital out of sums recovered by or on behalf of the patient through suit or settlement with a tort-feasor.”
Although the settlement in this case ($1,780) appears to have been made without separate designation of any stated portion thereof as being in settlement of the minor son’s claim for his damages for his personal injuries, or for the derivative damage claim of Perez, Sr., the trial court’s order, upon reciting that the “bulk” of the settlement was for the minor plaintiff’s personal injuries, allocated $200 of the settlement to Perez, Sr. for his derivative claim which involved medical expenses incurred. The trial court then held that the hospital’s statutory lien was not applicable to any of the proceeds of the damage suit settlement except the $200 *783 thereof thus earmarked by the court for the medical expense claim.
In reaching that conclusion the trial court was in error. We need not concern ourselves with a question of which of the plaintiffs, the minor or his father, who designated himself as guardian, became obligated to the hospital for the services rendered by it to the injured minor[1]. This is so because the lien of the hospital, as provided for in § 1 of the statute, is there stated to be a lien for the reasonable charges of the hospital for treatment of the injured person upon the cause of action or claims accruing to the person to whom the treatment is furnished, as well as to claims accruing to a legal representative of the person treated, and is on a judgment rendered upon, or settlement of, the claims arising from the illness or injuries which necessitated the hospital care[2].
 Contrary to the view of the trial court, the lien provided for by the statute was not restricted to some portion of the recovery which the parties or the court might choose to designate as being in compensation for the claim for medical expenses incurred by or on behalf of the injured party, but the lien provided for applies to whatever is recovered on claims against the tort-feasor arising from the injuries sustained. A different application of the statute, operating to deny to the hospital a substantial part of its lien, such as that made by the trial court, would be authorized only if the statute should be amended by the legislature to so permit.
Accordingly, on authority of Dade County v. Bodie, supra, the order appealed from is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

. But see 42 Am.Jur.2d, Infants, § 72.

. Section 1 of Chapter 27032, Laws of Florida 1951, reads as follows:
“Section 1. Every individual, partnership, firm, association, corporation, institution and governmental unit, and every combination of any of the foregoing, operating a hospital in any county in this State having a population in excess of 325,000, according to the last preceding Federal Census, shall be entitled to a lien for all reasonable charges for hospital care, treatment and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims and demands accruing to the persons to whom such care, treatment or maintenance are furnished, or accruing to the legal representatives of such persons, and upon all judgments, settlements and settlement agreements rendered or entered into by virtue thereof, on account of illness or injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgment, settlement or settlement agreement and which necessitated or shall have necessitated such hospital care, treatment and maintenance.”