348 So.2d 377 (1977)
The PUBLIC HEALTH TRUST OF DADE COUNTY, Florida, a Political Subdivision of the State of Florida, Which Operates, Maintains and Governs Jackson Memorial Hospital, Appellant,
v.
Samuel O'NEAL, Appellee.
No. 76-1465.
District Court of Appeal of Florida, Third District.
July 19, 1977.
Stuart L. Simon, County Atty. and James K. Kracht and Amy N. Dean, Asst. County Attys., for appellant.
Franklin, Ullman, Kimler & Entin, North Miami Beach, for appellee.
Before HENDRY, C.J., and PEARSON and NATHAN, JJ.
*378 PEARSON, Judge.
The appellant is the Public Health Trust of Dade County, Florida which states that it is the operator of Jackson Memorial Hospital in Miami, Florida. The appellee is Samuel O'Neal, who recovered for personal injuries by the settlement of his lawsuit against Dade County and other defendants alleged to have been acting as employees of Dade County. The appealed order was entered by the circuit court in plaintiff's O'Neal's cause, pursuant to O'Neal's motion, and is entitled "Order on Motion for Equitable Distribution."[1] The appellant, The Public Health Trust of Dade County, urges that the circuit court had no authority to apportion its lien and that the statute creating the lien[2] contains no provision for equitable distribution thereof.
This court has previously dealt with the liens created by this statute in two cases. See Dade County v. Bodie, 237 So.2d 553 (Fla.3d DCA 1970); and Dade County v. Perez, 237 So.2d 781 (Fla.3d DCA 1970). In the first cited case, we held:
"If the lien of a hospital as provided for in the statute was not meant to be effective for its full amount (subject to a right to question the propriety of the charges comprising the same), it would not be reasonable or consistent for the statute to authorize recovery of the full amount of the hospital's (lien) charges against one who, without the hospital lien having been released, should receive a satisfaction of judgment or a release upon settlement. Conversely, since the statute allows a hospital lienor full recovery in the situation outlined above, it would be illogical to conclude that such a hospital lien should not be applied in full against proceeds of a judgment or a settlement."
We think that further discussion is unnecessary in this case and that the order must be reversed.
The appellee, Samuel O'Neal, has raised a very serious question by cross-assignment. He urges that because Dade County was a defendant in his personal injury action and because it, thereafter, settled said action, the County should not now be allowed by the claim of a separate entity to enforce a lien which will, in effect, greatly diminish the amount of the settlement. Unfortunately, that point cannot be decided on this appeal. If the trial court was in error in enforcing the lien, then it was "invited error" because appellee O'Neal made the motion asking for equitable distribution. The motion requests the court to determine "... the amount to which JACKSON MEMORIAL HOSPITAL (Claim of Lien #669288 5012) is entitled to be paid ..." The motion recites the existence of the lien, recites the amount of the settlement and the amount of the net recovery after deduction of attorney's fees. Thereafter, the appellee moved for the order entered. Nothing appears in the record to indicate that any question was ever raised concerning the validity of the lien.[3] It is well settled that a party may not assign as error a ruling which he himself requested. See Hawkins v. Perry, 146 Fla. 766, 1 So.2d 620 (1941); and Gagnon v. State, 212 So.2d 337 (Fla.3d DCA 1968). Nevertheless, we feel that this holding must be without prejudice to the appellee/cross-appellant to apply to the court pursuant to Fla.R.Civ.P. 1.540(b) for relief if he has evidence to show that the discharge of the lien was contemplated at the time that the settlement of his personal *379 injury action was made. Because the jurisdiction of this cause has been in this court for part of the one year period under Fla.R. Civ.P. 1.540(b), we grant leave to the appellee/cross-appellant to file such motion within thirty days of the filing of this opinion.
Thereupon, the order appealed is reversed and the cause remanded with directions to enter an order establishing the lien of The Public Health Trust of Dade County, Florida, for the full amount thereof pursuant to the statute creating the lien. This order shall be subject to the right of the appellee/cross-appellant, thereafter, to file a motion pursuant to the rule cited above.
Reversed and remanded with directions.
NOTES
[1] The order recites that it is entered without the taking of testimony upon argument of counsel and it orders the following:

"1. That Plaintiff's Motion is granted to the extent that the lien of Jackson Memorial Hospital in the amount of Twelve Hundred One Dollar ($1201.55) and 55/100 is reduced by forty percent (40%) representing the attorneys' fees on said funds due to Plaintiff's counsel."
[2] Ch. 27032, Laws of Florida (1951).
[3] The record before us does not contain a settlement contract. It contains simply a stipulation for dismissal and an order of dismissal upon the basis that the cause has been amicably settled. We must presume that this was the only matter before the trial court, as the order appealed shows that no evidentiary hearing was had.