PER CURIAM.
This is an appeal from a non-final order entered in a guardianship proceeding. The order appealed from is not a non-final order for which appeal is authorized by Fla.R. App.P. 9.130. We accept jurisdiction for review of that order upon treating the filed appeal as a petition for common law certio-rari, as provided for by Fla.R.App.P. 9.040.
The factual basis upon which the questioned order was entered, as revealed in the pleadings and the record of the hearing thereon, includes the following. In 1977 Sybelle Fonseca DaSilva, a minor, was injured in an automobile accident which occurred in Indian River County. She received treatment for her injuries for an extended period in the petitioner hospital, from which she was finally discharged on August 19, 1977. The hospital filed a lien, as authorized by statute, incident to litigation filed in the circuit court in Indian River County on behalf of the minor against the tortfeasor. Subsequently a settlement was agreed upon by the parties thereto, in the amount of $20,000. An insurance company, which by the settlement was to pay the $20,000, had not done so at the time of the hearing in the guardianship proceeding in Dade County.
Thereafter, in 1978 the minor was treated in a hospital in Dade County, out of which a malpractice claim was made on behalf of the minor. As the result of a settlement of the latter claim the assets of the minor now exceed $400,000. Such funds are held by First State Bank of Miami, as the appointed guardian of the property of said minor.
The petitioner hospital filed a petition in the guardianship proceeding in Dade County, to enforce its claim for services to the minor (in the amount of $33,401.73, with interest), seeking payment thereof by the said guardian. In its petition the hospital alleged its treatment of the minor, with supportive itemized statements showing the treatment and charges therefor. The petition alleged that the guardian held funds of the ward in excess of $400,000; the filing of the lien above referred to; and prayed for an order directing the guardian to pay the hospital’s claim. The petition was verified.
In a response filed by the guardian, the allegations of the petition as to the services performed to the minor by the hospital, and as to the amount due the hospital therefor, and as to the money or assets of the minor, were admitted by the guardian. However, the response of the guardian presented the contention that any amount received or to *569 be received by the hospital, on its lien, from the proceeds of the settlement of the Indian River negligence action, would operate as a setoff on the claim of the hospital against the guardian.
In the order entered in the guardianship proceeding in Dade County, the court noted that the guardian had admitted the propriety of the hospital’s claim, and the court made reference to the lien which had been filed by the hospital against the proceeds of the negligence action brought on behalf of the minor in Indian River County, and that a settlement of that action had been received.[1] Thereupon the court in said order held that the petition for payment by the guardian was premature, and denied the petition “without prejudice to the right of the claimant to renew its Petition for Payment after the status and validity of the hospital liens have been determined in the Nineteenth Judicial Circuit in and for Indian River County, Florida.”
On consideration of the record, briefs and arguments, we hold that in so ruling the trial court did not depart from essential requirements of law.
Although the filing of the lien by the hospital incident to the separate negligence action in Indian River County would not operate to preclude a direct action by the hospital against the party to whom the services were rendered,[2] it is clear that any amount received by the hospital from settlement of the Indian River action, based on its said lien, would be a proper setoff to its claim when made directly against the guardian for services to the minor. The order of the trial court recognized the right of the hospital to petition later for payment by the guardian of the amount of its claim, less any setoff which should result by receiving payment out of the negligence action settlement when its right to the latter should be determined.
Certiorari is denied.

. The recitals in the court’s order were as follows:
“THIS CAUSE came on to be heard upon the Petition of ALL CHILDREN'S HOSPITAL, INC. for Payment of a claim for hospital care, treatment and maintenance rendered to the Incompetent/Ward, SYBELLE FONSECA DaSILVA, and a response having been filed thereto by FIRST STATE BANK OF MIAMI, Guardian of the Property of the Incompetent/Ward, and the Respondent having admitted that the services for which payment is claimed by ALL CHILDREN’S HOSPITAL, INC. were rendered to and performed on behalf of the Incompetent/Ward for the total amount of $33,401.73, and it further appearing that claims of lien were filed by the claimant, ALL CHILDREN’S HOSPITAL, INC., in the Circuit Court of Pinellas County, and that claimant is seeking to impress its liens upon the proceeds of a settlement secured by the Incompetent/Ward against State Farm Mutual Automobile Insurance Company and its assured in the amount of $20,000.00, which settlement was reached in an action in the Nineteenth Judicial Circuit in and for Indian River County, Florida, brought on behalf of the Incompetent/Ward . .”

. Palm Springs General Hospital v. State Farm Mutual Automobile insurance Company, 218 So.2d 793, 798 (Fla. 3d DCA 1969), affirmed, State Farm Mutual Automobile Insurance Company v. Palm Springs General Hospital, 232 So.2d 737 (Fla. 1970).