408 So.2d 753 (1982)
Mirta FERNANDEZ, As Personal Representative of Angel Fernandez, Deceased, Appellant,
v.
SOUTH CAROLINA INSURANCE COMPANY, Appellee.
No. 81-765.
District Court of Appeal of Florida, Third District.
January 12, 1982.
*754 McDermott, Will & Emery and Byron B. Mathews, Jr., Miami, for appellant.
Corlett, Merritt, Killian & Sikes and Linda Shelley, Miami, for appellee.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
We affirm the trial court order denying appellant attorney's fees. In so doing, we reject appellant's contention that the hospital lien law, Chapter 25C, Dade County Code (Code 1959), is inapplicable to personal injury protection (PIP) benefits. We hold that under Chapter 25C, a hospital lien takes priority over benefits covering funeral expenses, lost wages, and lost earning capacity which would be available to appellant under appellee's PIP coverage. § 627.736, Fla. Stat. (Supp. 1980).
Following an automobile accident in which Angel Fernandez, the insured, died, the personal representative of his estate authorized the submission of a claim for PIP benefits to appellee, South Carolina Insurance Company. Appellee offered to pay the proceeds, amounting to $10,000, jointly to Jackson Memorial Hospital[1] and to the personal representative, but the offer was declined on the ground that appellant was entitled to apply PIP benefits to the payment of funeral expenses and lost wages. Appellant filed a lawsuit in which she relied on section 627.736(4)(b), Florida Statutes (Supp. 1980)[2] in an attempt to obtain attorney's fees for appellee's late payment of insurance benefits. The court ruled that appellee had paid full PIP benefits *755 and that appellant was not entitled to attorney's fees, apparently because her refusal to accept the joint check had caused the delay.
Chapter 25C, Dade County Code (Code 1959), formerly Chapter 27032, Laws of Florida (1951), provides in section 3 that in Dade County:
[Every hospital operator] shall be entitled to a lien for all reasonable charges for hospital care, treatment and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims and demands accruing to the persons to whom such care, treatment or maintenance are furnished or accruing to the legal representatives of such persons, and upon all judgments, settlements and settlement agreements rendered or entered into by virtue thereof, on account of illness or injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgment, settlement or settlement agreement and which necessitated or shall have necessitated such hospital care, treatment and maintenance.
The validity and priority of a hospital lien have been firmly established. Public Health Trust of Dade County v. O'Neal, 348 So.2d 377 (Fla. 3d DCA 1977); Dade County v. Pavon, 266 So.2d 94 (Fla. 3d DCA 1972); Dade County v. Perez, 237 So.2d 781 (Fla. 3d DCA 1970); Dade County v. Bodie, 237 So.2d 553 (Fla. 3d DCA 1970); Palm Springs General Hospital v. State Farm Mutual Automobile Insurance Co., 218 So.2d 793 (Fla. 3d DCA 1969). The clear language of Chapter 25C contains no exclusion for PIP claims.[3] We therefore conclude that the hospital lien takes priority over appellant's other PIP benefits.
We find no error in the court's denial of attorney's fees for late payment. The court's conclusion that the delay in payment was attributable to appellant's refusal to accept the draft made payable to appellant and to Jackson Memorial Hospital jointly is supported by the record. Strawgate v. Turner, 339 So.2d 1112 (Fla. 1976). Appellant's remaining points are without merit.
Affirmed.
NOTES
[1] Angel Fernandez incurred more than $72,000 in medical bills at Jackson Memorial Hospital prior to his death.
[2] § 627.736(4)(b), Fla. Stat. (Supp. 1980):

Personal injury protection insurance benefits shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same. If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. However, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer. For the purpose of calculating the extent to which any benefits are overdue, payment shall be treated as being made on the date a draft or other valid instrument which is equivalent to payment was placed in the United States mail in a properly addressed, postpaid envelope or, if not so posted, on the date of delivery.
[3] Section 25C-1 (Code 1959) excludes accidents or injuries "within the purview of the Workmen's Compensation Act."