**HILLCREST MEDICAL CENTER, an Oklahoma charitable corporation, Appellant,**

v.

**Harold D. FLEMING, Bill B. Pigman and Oklahoma Farm Bureau Mutual Insurance Company, Appellees.**

No. 57136.

Court of Appeals of Oklahoma, Division 1.

March 23, 1982.

Court of Appeals Opinion Released for Publication by Order of the Court of Appeals April 16, 1982.

Reuben Davis, Tulsa, for appellant.

Mark O. Thurston, Tulsa, for appellee, Bill B. Pigman.

Miller & Dollarhide, Oklahoma City, Oklahoma Hospital Ass'n, Inc., Amicus Curiae.

WILSON, Presiding Judge:

We are asked to consider the application of *Vinzant v. Hillcrest Medical Center,* 609 P.2d 1274 (Okl.1980), to the case at bar. In *Vinzant,* the Court held that, as between a hospital lien and an attorney's lien for a contingency fee in representing a patient, the attorney fee lien took priority. There, the amount of the settlement of the patient's action against the tortfeasor was less than the total of the two liens. In our case, the settlement exceeds the total of the two. The issue is whether, in light of this distinction, the *Vinzant* case entitles the attorney to deduct his contingent fee percentage out of a specific check from the insurer for the amount of the hospital lien which was made payable to the claimant, his attorney and the hospital.

The facts in the instant case were stipulated by the parties. Harold D. Fleming was treated by the Hillcrest Medical Center for injuries sustained in an automobile collision. The hospital bill was $5,613.80 and Hillcrest perfected a hospital lien under 42 O.S. 1971, § 43 and § 44. Fleming employed attorney Bill B. Pigman on a 33⅓% contingent fee contract to represent him in a suit for damages from the collision. Attorney Pigman effected a settlement with the alleged tortfeasor's insurance company and recovered the sum of $40,000. The insurance company, Oklahoma Farm Bureau Mutual Insurance Company, at the request of attorney Pigman, paid the settlement by two checks. One was for the amount of the hospital lien, $5,613.80, made payable to Fleming, Attorney Pigman and to Hillcrest. The other check, for $34,739.20, was made payable to Mr. Fleming and Mr. Pigman. That check was cashed and disbursed to the payees. The first check for $5,260.80 was endorsed by Fleming but is now the subject of a controversy

between Pigman and Hillcrest. Attorney Pigman claims he is entitled to 33⅓% of the amount of the check under authority of *Vinzant,* while Hillcrest contends it is entitled to the entire amount of the check as Attorney Pigman, though having a prior lien for attorney fee, should collect it from Fleming's part of the settlement and not from the amount of the hospital's lien.

Based on the stipulation of facts, the trial court entered a judgment which (1) sustained the demurrer of Oklahoma Farm Bureau Mutual Insurance Company on the ground that the insurance company discharged its duty under the lien when it issued the $5,260.80 draft in the amount of the hospital lien to the hospital, the patient, and the patient's attorney, and delivered the draft to the patient's attorney; (2) granted Hillcrest judgment against Fleming in the amount of $5,613.30, plus interest and attorney fee, while reducing the judgment by the sum to be received out of the draft; and (3) applied *Vinzant* to hold that attorney Pigman was entitled to one-third of the draft ($1,753.60) and that Hillcrest was entitled to two-thirds of the draft ($3,507.20).

Did *Vinzant* dictate this holding of the trial court's? We think not. We believe *Vinzant* is limited to factual situations where the total amount of the settlement is insufficient to satisfy both the attorney's lien and the hospital lien. In that case, the attorney's lien, by the very wording of the statute itself, is superior to the hospital lien. In the case at bar, by contrast, the amount of the settlement was sufficient to satisfy both liens. In light of this factual distinction, we conclude that *Vinzant* is not controlling here. Finding no other Oklahoma case in point, we turn to other jurisdictions for guidance on the question.

One recent case is *St. Joseph Hospital v. Quinn,* 241 Md. 371, 216 A.2d 732 (1966), where the Court said:

It would seem to follow that the Legislature did not contemplate that there would come into the hands of the lawyer a fund on which a retaining lien would attach; since the payor of the tort-fea-

sor's monetary liability was to pay the lawyer's fee and the hospital lien before the injured person (or his lawyer on his behalf) was paid anything.

In *Sisters of Charity of Providence of Montana v. Nichols,* 157 Mont. 106, 483 P.2d 279 (1971), the Court held that where the client received a sufficient amount in settlement to satisfy the attorney's fee in full, the attorney's contractual rights were discharged by payment. Since no further attorney's lien rights remained, the previously subordinate hospital lien became the senior outstanding lien against the balance of the settlement proceeds, and therefore the client was not entitled to any settlement until the hospital lien was discharged.

Similarly in *Public Health Trust of Dade County v. O'Neal,* 348 So.2d 377 (Fla.App. 1977), the Court reversed the trial court, holding that the hospital was entitled to recover the full amount of its statutory lien and that the lien should not have been reduced by the amount representing patient's attorney's fees in effecting the settlement. Again in *Maynard v. Parker,* 54 Ill.App.3d 141, 11 Ill.Dec. 898, 369 N.E.2d 352 (1977), the Court reversed the trial court and held a hospital was not required to pay any portion of the attorney fee.

Still another case is *Broadlawns Polk County Hospital v. Estate of Major,* 271 N.W.2d 714 (Iowa 1978), where the trial court rejected the attorney's claim for one-third of amount due the hospital from the amount received by the estate in settlement of a wrongful death action. The Supreme Court of Iowa affirmed, stating in a footnote:

This is not a case which requires us to determine priorities between the hospital's lien and that of the attorney, because the settlement fund available here was adequate to pay both claims in full.

That statement represents our view exactly. Considering all of these authorities in the common law, and considering the distinction between *Vinzant* and the case at

bar, we are convinced that the trial court's holding was erroneous.

Accordingly, the judgment of the trial court is reversed and the case is remanded to the trial court for the entry of a judgment that the Hillcrest Medical Center shall recover the full amount of its lien and such other orders or proceedings as may be proper.

REVERSED and REMANDED.

REYNOLDS and BOX, JJ., concur.