456 So.2d 936 (1984)
HOSPITAL BOARD OF DIRECTORS OF LEE COUNTY, D/B/a Lee Memorial Hospital, Appellants,
v.
Jackie McCRAY, Individually and As Guardian and Natural Parent of the Minor, Tory McCray, Appellees.
No. 83-2375.
District Court of Appeal of Florida, Second District.
September 12, 1984.
Rehearing Denied October 10, 1984.
*937 Robert C. McCurdy, Ft. Myers, for appellants.
Robert L. Donald and William H. Shields of Pavese, Shields, Garner, Haverfield, Dalton & Harrison, Ft. Myers, for appellees.
William A. Bell, Tallahassee, amicus curiae by Florida Hosp. Ass'n, for appellants.
Robert A. Ginsburg, County Atty., Eric K. Gressman and Robert L. Blake, Asst. County Attys., Miami, amicus curiae by the Public Health Trust of Dade County and Metropolitan Dade County, for appellants.
Larry Klein, West Palm Beach, amicus curiae by Academy of Florida Trial Lawyers, for appellees.
RYDER, Chief Judge.
In this appeal, we are asked to determine the constitutionality of Chapter 78-552, Laws of Florida,[1] a special act statutorily *938 creating liens upon, inter alia, claims, judgments, and settlements in favor of Lee Memorial Hospital.
Appellees, Jackie McCray and her minor son, Tory McCray, suffered personal injuries in an automobile accident for which they were treated at Lee Memorial Hospital. Following their discharge, the Hospital filed claims of lien pursuant to Chapter 78-552. In order to obtain insurance proceeds to pay the medical bills, the McCrays found it necessary to engage an attorney and file a lawsuit. Count I of the complaint claimed breach of contract by the insurance company, and Count II claimed that Lee Memorial Hospital's lien perfected under Chapter 78-552 was inferior to appellees' attorney's claim for his fee earned by obtaining the insurance proceeds. The Hospital counterclaimed for enforcement of its lien as to the unpaid portion of appellees' medical bills.
The trial court dismissed the Hospital's counterclaim with prejudice, finding that Chapter 78-552 is an unconstitutional special law under article III, section 11(a)(9) of the Florida Constitution (1968).[2] The Hospital appeals from that order.
As a starting point, we are mindful of our obligation to sustain legislative enactments when possible. State v. Williams. 343 So.2d 35 (Fla. 1977); North Port *939 Bank v. State Department of Revenue, 313 So.2d 683 (Fla. 1975); State v. Aiuppa, 298 So.2d 391 (Fla. 1974). Article III, section 11(a)(9) prohibits those special laws which create liens based on private contracts, not all special laws which create liens as appellee argues. Chapter 78-552 is a lien created by a statute rather than by a private contract, therefore, it does not violate the constitution.
By the enactment of Chapter 78-552, the legislature afforded Lee Memorial Hospital, the only public hospital in Lee County, a solution to the problem of payment for medical services furnished to insolvent patients. Chapter 78-552 is a manifestation of the legislature's concern for the public welfare in that the Hospital is assured of compensation and should not be reluctant to treat indigents. We believe the public welfare outweighs private considerations.
A similar hospital lien act withstood a constitutional attack and was approved by the supreme court in State Farm Mutual Automobile Insurance Co. v. Palm Springs General Hospital, Inc. of Hialeah, 232 So.2d 737 (Fla. 1970). As our sister district noted in Fernandez v. South Carolina Insurance Co., 408 So.2d 753 (Fla. 3d DCA 1982), the validity and priority of hospital liens have been firmly established.
Appellees argue that their attorney's claim for his fees takes priority over the Hospital's statutory lien. This position has been consistently rejected. A hospital's statutury lien may not be impaired or diminished by the amount of attorney's fees which may be due the patient's counsel. Crowder v. Dade County, 415 So.2d 732 (Fla. 3d DCA 1982); Public Health Trust of Dade County v. O'Neal, 348 So.2d 377 (Fla. 3d DCA 1977).
We hold that Chapter 78-552 is constitutional and does not violate article III, section 11(a)(9) of the Florida Constitution. Accordingly, we reverse the trial court's judgment, reinstate appellant's counterclaim, and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
SCHOONOVER and LEHAN, JJ., concur.
NOTES
[1] Chapter 78-552, Laws of Florida states:

An act relating to Hospital Board of Directors of Lee County; providing for liens in favor of the hospital, upon causes of action, suits, claims, counterclaims, and demands, accruing to patients therein, or their legal representatives, and upon judgments, settlements, and settlement agreements, on account of illness or injuries of such patients, for all reasonable charges for hospital care, treatments, and maintenance necessitated by such illness or injuries; providing for method of perfecting and enforcing such liens, and recovery of costs, attorney's fees, and expenses, and recovery of damages for hospital care, treatment, and maintenance, unless claimant therefor has paid costs thereof except in certain cases; providing for intervention by lienholder and verdict and judgment in favor of lienholder in certain cases; requiring claims for lien to be recorded and fees for recording; providing that no release or satisfaction shall be valid as against lien unless lienholder joins therein or executes release; providing that acceptance of release or satisfaction of any cause of action, suit, claim, counterclaim, demand, or judgment and any settlement in absence of release or satisfaction of lien shall prima facie constitute impairment of such lien, and giving lienholder right of action at law for damages on account of such impairment, and providing for recovery from one accepting release or satisfaction or making settlement; exempting from provisions of this act matters within purview of the workmen's compensation law of this state; providing an effective date.
Be It Enacted by the Legislature of the State of Florida:
Section 1. Hospital Board of Directors of Lee County, operating as Lee Memorial Hospital, a public hospital created under chapter 63-1552, Laws of Florida, located in Lee County, shall be entitled to a lien for all reasonable charges for hospital care, treatment, and maintenance of ill or injured persons upon any and all causes of action, suits, claims, counterclaims, and demands accruing to the legal representatives of such persons, and upon all judgments, settlements, and settlement agreements rendered or entered into by virtue thereof, on account of illness or injuries giving rise to such causes of action, suits, claims, counterclaims, demands, judgment, settlements or settlement agreements and which necessitate or shall have necessitated such hospital care, treatment, and maintenance.
Section 2. In order to perfect such a lien, the executive officer or agent of Hospital Board of Directors of Lee County, before, or within ten (10) days after, any such person shall have been discharged from said hospital, shall file in the office of the clerk of the circuit court of Lee County, a verified claim in writing setting forth the name and address of such patient, as it shall appear on the records of said hospital, the name and location of said hospital, and the name and address of the executive officer or agent of said hospital, the dates of admission to and discharge of such patient therefrom, the amount claimed to be due for such hospital care, treatment, and maintenance, and, to the best knowledge of the person signing such claim, the names and addresses of all persons, firms or corporations who may be claimed by such ill or injured person or by the legal representative of such person, to be liable on account of such illness or injuries. At the same time that such claim is filed with the Clerk of the Circuit Court, a copy thereof shall be mailed by the Hospital Board of Directors of Lee County to the ill or injured person, his attorney, if known, and to all persons, firms or corporations named in such claim. The filing and mailing of such chaim in accordance with this section shall be notice thereof to all persons, firms, or corporations who may be liable on account of such illness or injuries, whether or not they are named in such claim or lien, and whether or not a copy of such claim shall have been received by them.
Section 3. The Clerk of the Circuit Court of Lee County shall endorse on such claim the date and hour of filing and shall record such claim in the Official Records of Lee County. He shall be paid by the claimant as his fee for such filing and recording of each claim the same fee as provided for filing and recording other instruments under the recording laws.
Section 4. No release or satisfaction of any action, suit, claim, counterclaim, demand, judgment, settlement or settlement agreement or of any of them, shall be valid or effectual as against such lien unless such lienholder shall join therein or execute a release of such lien. Any acceptance of a release or satisfaction of any such cause of action, suit, claim, counterclaim, demand, or judgment and any settlement of any of the foregoing in the absence of a release or satisfaction of the lien referred to in this act shall prima facie constitute an impairment of such lien and the lienholder shall be entitled to an action at law for damages on account of such impairment, and in such action may recover from the one accepting such release or satisfaction or making such settlement the reasonable cost of such hospital care, treatment, and maintenance. Satisfaction of any judgment rendered in favor of the lienholder in any such action shall operate as a satisfaction of the lien. Any action by the lienholder shall be brought in the court having jurisdiction of the amount of the lienholder's claim and may be brought and maintained in the county wherein the lienholder has his, or its, or their residence or place of business. If the lienholder shall be entitled to recover from the defendant, in addition to costs otherwise allowed by law, all reasonable attorney's fees and expenses incident to the matter.
Section 5. No person shall be entitled to recover or receive damages on account of hospital care, treatment, and maintenance, provided by Lee Memorial Hospital, unless he shall affirmatively show that he has paid the cost thereof; provided, however, that in any action, suit, or counterclaim brought on account of illness or injury, the plaintiff or counterclaimant may include as an item of damages the cost of such hospital care, treatment, and maintenance, if prior to the trial of the action he shall have notified the lienholder referred to in this act of the pendency of such action or counterclaim; whereupon such lienholder shall have the right, without leave of court, to intervene in the case and prove the reasonable cost of such hospital care, treatment, and maintenance. Any verdict that may be rendered in favor of the plaintiff or counterclaimant shall set forth the amount the jury finds to be due the lienholder for such hospital care, treatment, and maintenance and the name of such lienholder. Any judgment rendered in the case in favor of the plaintiff or counterclaimant shall also be in favor of the lienholder in the amount set forth by the jury's verdict.
Section 6. The provisions of ss. 1-5 shall not be applicable to accidents or injuries within the purview of the workmen's compensation laws of this state.
Section 7. This act shall take effect July 1, 1978.
[2] Article III, section 11(a)(9), Florida Constitution provides:

Section 11. Prohibited special laws. 
(a) There shall be no special law or general law of local application pertaining to:
(9) creation, enforement, extension or impairment of liens based on private contracts, or fixing of interest rates on private contracts.