(809 P.2d 1228)
No. 65,569

HELEN M. HARLOW *Plaintiff/Appellee,* v. JUDITH K. LLOYD, *Defendant,* and ST. JOSEPH MEDICAL CENTER, *Intervenor/Appellant.*

Opinion filed April 19, 1991.

*Laurie B. Williams* and *Thomas E. Malone,* of Redmond, Redmond & Nazar, of Wichita, for intervenor/appellant.

*Timothy A. Frieden,* of Rock Road Law, P.A., of Wichita, for plaintiff/appellee.

Before PIERRON, P.J., BRAZIL and LARSON, JJ.

BRAZIL, J.: St. Joseph Medical Center (St. Joseph) appeals from the trial court's finding that Helen Harlow's attorney was entitled to 25% of the $5,000 hospital lien filed against Harlow for medical services after Harlow received a settlement of $35,000 for her injuries. We remand with directions.

St. Joseph argues K.S.A. 65-406 does not allow for a hospital lien to be subject to attorney fees in favor of the patient's attorney. It claims the language creates a priority allowing the patient's attorney to recover his fee before payment of the hospital lien. Harlow responds that the lien cannot prejudice or interfere with

any contracts between the patient and her attorney; thus, attorney fees can be deducted from the lien.

This is an issue of first impression in Kansas. The resolution depends on the interpretation of K.S.A. 65-406, which provides:

"Every hospital in the state of Kansas, which shall furnish emergency, medical or other service to any patient injured by reason of an accident not covered by the workmen's compensation act, shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien not to exceed five thousand dollars ($5,000) upon that part going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient, or by his heirs, personal representatives or next of kin in the case of his death, whether by judgment or by settlement or compromise to the amount of the reasonable and necessary charges of such hospital for the treatment, care and maintenance of such patient in such hospital up to the date of payment of such damages; *Provided, however*, That this lien shall not in any way prejudice or interfere with any lien or contract which may be made by such patient or his heirs or personal representatives with any attorney or attorneys for handling the claim on behalf of such patient, his heirs or personal representatives: *Provided further*, That the lien herein set forth shall not be applied or considered valid against anyone coming under the workmen's compensation act in this state."

K.S.A. 65-408 provides that, after a hospital lien is properly filed, any person making payment to the patient or the patient's attorney or legal representative as compensation for the injury sustained without paying the hospital the amount of its lien is liable to the hospital for one year for the amount the hospital was entitled to receive.

"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature." *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984).

"The fundamental rule of statutory construction, to which all others are subordinate, is that the intent of the legislature governs; the court must give effect to the legislature's intent 'even though words, phrases or clauses at some place in the statute must be omitted or inserted.' [Citations omitted.] In determining legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. [Citations omitted.] Ordinarily, courts presume that

by changing the language of a statute the legislature intends to change its effect. This presumption, however, may be strong or weak according to the circumstances, and may be wanting altogether in a particular case." *Citizens State Bank of Grainfield v. Kaiser,* 12 Kan. App. 2d 530, 536, 750 P.2d 422, *rev. denied* 243 Kan. 777 (1988).

Reading both K.S.A. 65-406 and 65-408 together indicates the legislature contemplated that the hospital receive the *full* amount of the lien, not the lien less attorney fees. The purpose of the hospital lien statute is to ensure payment of up to $5,000 to hospitals out of any recovery by patients for medical care provided to patients injured as a result of an accident. If Harlow's method of apportioning the settlement were applied, this would erode some of the effectiveness of K.S.A. 65-406.

Furthermore, a comparison of K.S.A. 65-406 to K.S.A. 1990 Supp. 40-3113a(e) indicates the legislature would have expressly allowed the patient's attorney to collect fees from the hospital had that been its intent. K.S.A. 1990 Supp. 40-3113a(e), the personal injury protection lien statute, expressly allows for recovery of fees in favor of the injured party's attorney. K.S.A. 1990 Supp. 40-3113a(e) provides: "Pursuant to this section, the court shall fix attorney fees which shall be paid proportionately by the insurer or self-insurer and the injured person, such person's dependents or personal representatives in the amounts determined by the court."

St. Joseph has a lien "upon that part going or belonging to such patient." K.S.A. 65-406. The lien, however, cannot interfere with Harlow's contract with her attorney. K.S.A. 65-406. Harlow argues that, if St. Joseph's method of apportionment is followed, the hospital lien interferes with or prejudices her contract with her attorney and her attorney's priority to fees. As St. Joseph argues, however, the part "going or belonging" to the patient is the part remaining after the fee of the lawyer is deducted. This does not interfere with or prejudice Harlow's contract with her attorney. The legislative intent, to provide a certain degree of protection to the lawyer while he or she effectuates a recovery for the client, is accomplished by making the hospital lien inferior to the attorney/client contract.

The law employs priorities when there are insufficient funds to satisfy all claims made against that money or property. See

*Bridge Co. v. Railroad Co.*, 91 Kan. 887, 139 Pac. 357 (1914). Even if it were necessary to prioritize the claims in this case, Harlow's method does not follow general principles of priority. When the law prioritizes competing interests, it takes a portion of the pie and gives it to the first in line. The next in line gets the next piece of the pie. If there is enough for three pieces of pie, the first party in line does not take a sliver from each piece; the first party just gets the first piece.

In the instant case, Harlow's attorney gets the first piece of the pie. Thus, he gets 1/3 of $35,000. St. Joseph Hospital gets the second piece of the pie, or $5,000. Harlow gets the rest. If Harlow had settled for only $6,000, the same rule should apply. The attorney would get $2,000 or 1/3 of the settlement, and St. Joseph would get $4,000.

Acceptance of the theory upon which Harlow's lawyer appears to base his argument would result in the application of what Illinois calls the "fund" doctrine to 65-406 cases. The "fund" doctrine is a theory of recovery adopted by the Illinois courts in *Baier v. State Farm Insurance Co.*, 66 Ill. 2d 119, 361 N.E.2d 1100 (1977). The doctrine is based on the equitable concept that an attorney who performs services in creating a fund should in equity and good conscience be allowed compensation out of the whole fund from all those who seek to benefit from it. *Wheaton v. Dept. of Public Aid*, 92 Ill. App. 3d 1084, 416 N.E.2d 780 (1981). In *Baier*, the insurance company-subrogee made the insured-subrogor an interest-free loan that was to be repaid only if a recovery from the tortfeasor was effected. 66 Ill. 2d at 122. The *Baier* court held that, where a fund has been created as a result of an attorney's services for his client, the attorney was entitled to a fee from the subrogee in proportion to the benefit received by the subrogee.

Illinois courts have found the doctrine is inapplicable to the liens of hospitals and physicians. *Maynard v. Parker*, 75 Ill. 2d 73, 387 N.E.2d 298 (1979); *Wheaton v. Dept. of Public Aid*, 92 Ill. App. 3d at 1086. Illinois follows the rule that a hospital lien is not subject to attorney fees in favor of the patient's attorney when the settlement proceeds are sufficient to fully satisfy the attorney fees and the amount of the hospital lien. *Maynard v. Parker*, 75 Ill. 2d 73, Syl.

The instant case is distinguished from cases involving subrogation because, in those cases, the obligation of the subrogated insurer to share in the costs of recovery from a third-party tortfeasor arises because the insurer occupies the position of the insured with coextensive rights and liabilities and no creditor-debtor relationship between them. *Sisters of Charity v. Nichols*, 157 Mont. 106, 112, 483 P.2d 279 (1971). In comparison, Harlow was a debtor obligated to pay for the services she received from St. Joseph. Harlow's liability to St. Joseph was not dependent upon creation of a fund by Harlow's attorney.

In agreement with Illinois are Florida, Iowa, Oklahoma, Texas, and Montana, which follow the rule that attorney fees cannot be deducted from the hospital lien. All of these jurisdictions, when confronted with the question of apportionment when there are sufficient funds to satisfy attorney fees and a hospital lien, follow the rule that attorney fees cannot be deducted from the hospital lien. *Hosp. Bd. of Directors of Lee v. McCray*, 456 So. 2d 936, 939 (Fla. Dist. App. 1984) (citing *Crowder v. Dade County*, 415 So. 2d 732 [Fla. Dist. App. 1982]; *Public Health Trust of Dade County v. O'Neal*, 348 So. 2d 377 [Fla. Dist. App. 1977]); *Broadlawns, Etc. v. Estate of Major*, 271 N.W.2d 714 (Iowa 1978); *Sisters of Charity v. Nichols*, 157 Mont. 106; *Hillcrest Medical Ctr. v. Fleming*, 643 P.2d 868 (Okla. 1982); *Bashara v. Baptist Memorial Hosp. System*, 685 S.W.2d 307 (Tex. 1985). The Iowa court based its decision on the general rule that " '[t]here is no implied promise to pay an attorney whom one has not employed, because of incidental benefits derived from his services.' " *Broadlawns, Etc. v. Estate of Major*, 271 N.W.2d at 716.

Oklahoma has a statute that is virtually identical to K.S.A. 65-406. Okal. Stat. tit. 42, § 43 (1990). In interpreting the Oklahoma statute, the court in *Hillcrest Medical Ctr. v. Fleming* held that, where the amount of settlement of a patient's action against a tortfeasor exceeded the total of the hospital lien and the attorney's lien for his contingency fee in representing the patient, the attorney could not deduct his contingent fee percentage out of a specific check from the insurer for the amount of the hospital lien that was made payable to the claimant, his attorney, and the hospital. 643 P.2d at 869. The court reasoned that, where the settlement fund was sufficient to satisfy both the attorney and

the hospital lien, it was not necessary to determine priorities between the hospital's lien and the attorney's fee. 643 P.2d at 869.

In *Fleming*, the Oklahoma court distinguished the facts of its case from *Vinzant v. Hillcrest Medical Ctr.*, 609 P.2d 1274 (Okla. 1980). In that case, there were insufficient funds to pay the attorney's contingent fee and a hospital lien. The court held that the attorney was entitled to a percentage of the hospital lien. 609 P.2d at 1277.

Another state distinguishing between when there are sufficient funds to satisfy a hospital lien and attorney fees is Iowa. *Matter of Guardianship of Hunter*, 442 N.W.2d 94 (Iowa 1989). That court held that, where a hospital had a lien for $111,000 in medical treatment and a patient's claims against two tortfeasors was settled for $15,000, the claim for attorney fees has priority over the claim of the hospital. 442 N.W.2d at 98. Maryland and New York have also held a hospital lien can be reduced where there are insufficient funds to pay the patient's attorney fees and hospital lien. *St. Joseph Hospital v. Quinn*, 241 Md. 371, 216 A.2d 732 (1965); *Abbondola v. Kawecki*, 177 Misc. 122, 29 N.Y.S.2d 530 (1941).

Finally, Harlow argues there is an insufficient record on appeal for review. She points out there is nothing in the record as to the amount going or belonging to her. St. Joseph responds the record on appeal does not include a transcript of the hearing in district court because it is not appealing from an evidentiary hearing. The issue before the court is a legal issue; thus, the record on appeal is sufficient for the court to consider the issue without weighing any disputed facts or evidence and to determine whether the decision made by the district court judge was correct.

The interpretation of a statute is a question of law. "This court's review of conclusions of law is unlimited." *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

Harlow does not deny that her settlement was for $35,000, only that the amount of the settlement is not included in the record. Likewise, Harlow has not argued on appeal that her settlement was insufficient to satisfy her attorney fees and the hospital lien. Such an argument would be the obvious response

to St. Joseph's argument that we adopt the rule that attorney fees cannot be deducted from the hospital lien *when there are sufficient funds to satisfy both*.

Remanded with directions to redetermine attorney fees in accordance with this opinion.