## WELCH AND WELCH v. BURRIS, Guardian.

**Guardian and Ward:** PENSION MONEY: ALLOWANCE TO PARENT FOR SUPPORT. Funds in the hands of a guardian, belonging to his wards derived from a pension allowed to them on account of the services and death of their father in the military service of the United States, is not exempt from liability from their support; but to justify an order of allowance therefrom to the surviving parent for their past support, would require a stronger showing than for a future allowance, and should only be made under special circumstances.

*Appeal from Jefferson Circuit Court.*

FRIDAY, JULY 22.

PLAINTIFFS allege that in March, 1864, one David Poffenbarger died of disease contracted in the military service as a private in Co. D, 19th regiment Iowa volunteers and left surviving him the plaintiff Nancy, his widow, and five children, then aged, respectively, two, four, six, eight and ten years; that his widow, the plaintiff Nancy, made application for a pension, to which she was entitled and would have obtained but for the fact, that, pending her application, she married the plaintiff Philip; that, after her marriage, the defendant, Benjamin Burris, was appointed guardian for the children, and applied for and obtained the pension for them; that he has received of their pension and bounty money, on account of the military service of their father, the sum of $922.27; and the pension will be continued to the children until they severally arrive at 16 years of age; that since the death of said David Poffenbarger the plaintiff Nancy maintained and supported said children up to the date of her marriage; and that since said marriage both plaintiffs have furnished necessaries for said children and maintained them. The plaintiffs ask for an order

requiring the defendant, as guardian, to pay them $1,500 for the necessaries already and heretofore furnished, and also for an order fixing the amount and requiring him to pay the same to plaintiffs for the future maintenance of said minors.

The defendant demurred to the petition, because, *first*, the petition does not state any cause of action, for that the pension money is exempt from liability for debts; *second*, the court has no power to order allowance for past support, but only for future; and *third*, the petition shows plaintiffs to be either parents, or *in loco parentis*, and bound to support the children, etc. This demurrer was sustained, so far as the claim for past support was concerned; and on final hearing an order was made allowing plaintiffs one dollar per week for each child until they attained the age of 16 years. The plaintiffs appeal from the judgment sustaining the demurrer.

*D. P. Stubbs* for the appellants.

*McCoid & Herron* for the appellee.

COLE, Ch. J. — In our opinion no advantage arises to either party to this controversy by reason of the fact that the money in the hands of the guardian came from the bounty of the government, in the shape of pensions to the minor children of a deceased soldier.

Nor is there any such showing in the petition as would justify a court in making an order of allowance for the past support of the children. Such an order would only be made under special circumstances; and to justify it would require a stronger case than to procure an order for future allowance, or, at least, all the facts requisite for a future allowance and a satisfactory showing why application for such allowance was not made in advance. In this case there is no averment as to the condition of the

parties ; no showing that the plaintiffs are not wealthy, or at least abundantly able to maintain the children. For aught that appears the father may have left them a good homestead, and under such circumstances as to cast an addititional obligation upon the mother to support them. Without some showing as to the condition of the parties or excuse for not applying in advance, their right to a pension being known, there was certainly no error in sustaining the demurrer.

Affirmed.