## LATHAM ET AL. V. MYERS.

| 57 | 519 |
|---|---|
| 80 | 287 |
| 57 | 519 |
| 105 | 573 |
| 57 | 51ð |
| 120 | 217 |
| 57 | 519 |
| e127 | 669 |
| 127 | 670 |
| 57 | 519 |
| 134 | 170 |

1. **Guardian and Ward: ALLOWANCE FOR SUPPORT.** Where a guardian, who was also the step-father of his wards, and provided for them and received their services, the same as though they were his own children, had from time to time been allowed certain sums by the probate court for their support, the decree of the court below allowing him such expenditures, upon the final accounting, was approved.

2. ————: **CHANCERY: JURISDICTION.** The Circuit Court, sitting as a court of chancery, has jurisdiction to adjudicate all matters in controversy between the guardian and his wards, whether arising after ·or before the wards became of age.

3. ————: **JUDGMENT: INCOME OF ESTATE.** Where the evidence showed that the judgment in favor of the guardian, for the support of his wards, could be satisfied out of the income of their estate, it was·held proper under the pleadings.

*Appeal from Boone Circuit Court.*

MONDAY, DECEMBER 19.

IN chancery. There was a decree rendered in the Circuit Court granting relief· to defendant. Plaintiffs appeal.

*Ramsey & Jordan,* for appellants.

*I. J. Mitchell* and *Hull & Whitaker,* for appellee.

BECK, J.—I. The defendant was the guardian of the plaintiffs. After they became of age they caused a citation to be issued requiring defendant to make a report to the Circuit Court of his transactions as guardian. The case was by the Circuit Court sent to a referee, who reported the money received and paid out by the guardian. The defendant claimed compensation for his services and for the support of the wards, who, as the referee found, were taken into the family of the guardian and there maintained as his own children, he receiving their services until they became of age. The referee, in his report, submitted to the court the questions involving ·the defendant's right to the· compensation so claimed by him, as well as the sufficiency and effect of the reports made by the

guardian to the Probate Court, from time to time, and the approval thereof. Upon the filing of this report it was approved so far as the accounts of the guardian were stated, and it was ordered that he have permission to file a petition setting up his claims for compensation not allowed in the report of the referee. The order fixed the time of filing the petition and the answers thereto by plaintiffs. The defendant filed a petition under the order, and the plaintiffs filed answer thereto, and two of them set up a cross-claim against defendant for services rendered by each of them. Upon the issues thus formed the case was tried, as an action in chancery, upon written testimony, and was remanded to the same referee for a new statement of the accounts of the parties. Upon the coming in of the second report of the referee, a decree was entered in favor of defendant, and seperate judgments were rendered against each of plaintiffs for the amounts found due from each respectively.

The cause seems to have been regarded as an action in chancery, after the petition of defendant and cross-petition of plaintiffs were filed, setting up their respective claims. It is so regarded by both parties in this court, who unite in claiming that it is triable *de novo* here.

We do not understand that the amount of the various items in the respective accounts are disputed, the questions in the case involving the correctness of the decision of the court in allowing certain matters charged in defendant's account. No other questions are discussed by counsel. The testimony, as presented to us in the abstract, we think, sufficiently established the various matters allowed by the court. We are required to determine whether the plaintiffs are chargeable with some of these items.

II. We will proceed to notice questions raised by appellants in their printed argument. Defendant was allowed by the decree of the Circuit Court certain sums for the support of his wards, the plaintiffs. It is shown that after he was appointed their guardian,

1. GUARDIAN and ward: allowance for support.

he married their mother and took them with her into his own family, where they were provided for as his own children. They were regarded as members of his family and rendered to him such services as children generally render to their parents. Prior to the commencement of this proceeding, defendant had, at different times, made reports to the Probate Court, and claimed and was allowed certain sums by the court for the support of his wards. It is not claimed that the amounts allowed were excessive, or the orders were procured by fraud or by concealment of the facts of the case. While it is true that one standing in *loco parentis* is liable for the support of a child, and if he be a guardian, would not, in ordinary cases, be entitled to compensation for the ward's maintenance, there are exceptions to the rule. The condition of the parent and the extent of the ward's estate, in some instances, would authorize the court to allow the parent out of the child's estate for expenses incurred in his support.

The orders by the Probate Court allowing the defendant his charges for the support of his wards, are to be regarded as binding upon plaintiffs, so far at least as to establish *prima facie* the right of the defendant to have credit for the items allowed. As it is not shown that the allowances are not just and proper, there is no ground for denying to defendant credit therefore. The court below correctly allowed defendant for expenditures made under these orders.

III. The record of one of the orders seems to have been imperfect or wanting. There is evidence showing that when the report of the guardian was made asking for the order, it was allowed. Even if the record of the order be imperfect or wanting, we think the defendant ought now to be credited with the sum then allowed. The defendant ought not to be subjected to the hardship which would result from refusing him credit for the expenditure approved by the court, for the reason that, through no fault on his part, a record of the court's order was not made.

Latham v. Myers.

IV.   It is insisted that the Circuit Court had no jurisdiction to enter judgment against the palintiffs, and to adjudicate upon

2. ——: chancery: jurisdiction.  transactions between them and their guardian, arising after they became of age.   It may be conceded that if the case is to be now regarded as a proceeding in the court of probate the position of the plaintiffs would be correct.   But the parties, after the petition of defendant was filed in the court below, regarded the case as pending in chancery.   It was tried as such in that court, and is presented to us as a chancery cause, triable anew in this court.   We must regard it as an equitable action.   There can be no doubt of the jurisdiction of the Circuit Court, sitting in chancery, to enter the judgment complained of in this case, and to adjudicate all matters in controversy between plaintiffs and defendant, whether they arose before or after the plaintiffs became of age.

V.   The plaintiffs insist that the judgments are. not in accord with the relief prayed for by defendant in his petition,

3. ——: judgment: income of estate.  which expressly disclaims asking for an "allowance" which would require an appropriation for its payment out of the principal of the estate, or which could not be paid out of the income of the estate.   We think the evidence shows that the judgments in favor of defendant may be satisfied out of the income of the estate, that is, the income plaintiffs have received from the estate is greater than the total amount of the several judgments.

It is our opinion that the judgment of the Circuit Court ought to be

                                                    AFFIRMED.