## WARFIELD v. WARFIELD.

1. **Appeal:** FINDING OF COURT: EVIDENCE TO SUPPORT. The finding of the trial court, in an ordinary action, upon a question of fact has the force and effect of the verdict of a jury, and cannot be set aside on appeal if there is evidence upon which, fairly considered, it can be sustained.

2. **Guardian**: REPORT OF: CONCLUSIVENESS. The report of a guardian, when approved by the court, must be regarded as at least *prima facie* correct, casting on him who assails it the burden of proof to show error. (See *Latham v. Myers*, 57 Iowa, 519; *Brewer v. Stoddard*, 49 Iowa, 279.

3. ————: REPORTS ASSAILED : ATTORNEY FEE FOR DEFENSE. An allowance made in this case to the guardian of an insane ward, for an attorney fee in defending her reports when assailed as being fraudulent and unjust, is approved.

*Appeal from Muscatine Circuit Court.*

FILED, MARCH 10, 1888.

THE facts are stated in the opinion.

*L. A. Ellis* and *Cloud & Doran*, for appellant.

*J. Carskaddon* and *Boal & Jackson*, for appellee.

SEEVERS, C. J.—The plaintiff and defendant were married in September, 1875, and thereafter resided on a farm near Muscatine, until July, 1876, when the defendant returned to her father's home at Iowa City, where she was taken sick, and did not return to her home near Muscatine until September, 1876. Prior to this last period, as we understand, the plaintiff had been adjudged to be insane, and sent to the hospital at Mt. Pleasant, where he remained until 1883, when he returned to Muscatine. The marriage was judicially annulled in 1882. The plaintiff must be regarded as sane. It was so judicially determined in this proceeding. In 1876 the defendant was appointed guardian of the estate of the plaintiff. Within a day or two of her appointment there was an appraisement of the property belonging to the estate. The value thereof was fixed by the appraisers at nearly thirty-five hundred dollars. In May, 1877, and 1878, October, 1879, and in June, 1880, she made reports of the disposition of the property of the estate, and of her receipts and expenses. The reports were approved by the circuit court when they were made. In August, 1884, the plaintiff filed a petition in the circuit court, in which it was alleged that such

reports were fraudulent, untrue and false. Specifications were made of acts and misconduct of the defendant on which such charge was based. In February, 1885, the defendant made an additional report, attached to which is a list of property belonging to the plaintiff, which she states he may have at any time. Evidence was introduced by both parties bearing on the question whether the defendant had faithfully and properly administered the estate, and the court found— (1) "that the charge of fraud made against the guardian is not sustained ; (2) that there were mistakes made by the guardian in her reports, and that she should be charged with one hundred and fifty-three dollars more than she had charged herself ; (3) that the guardian was not entitled to compensation, because she had the use of certain horses belonging to the estate, for which she had not accounted, and that such use was a sufficient compensation ; (4) there was allowed the defendant fifty dollars as attorney's fees in this proceeding ; and (5) there was a balance found due the plaintiff amounting to $266.33." It was further found that defendant had possession of certain property belonging to the plaintiff ; and the "question of the discharge of the guardian, and the delivery of the property held by the guardian to the ward, is left for determination in the future progress of the guardianship proceedings."

I. The finding of the court has the force and effect of a verdict of a jury, and such finding cannot be set aside if there is evidence, fairly considered, on which it can be sustained. Counsel for the plaintiff insist that the court erred in finding that the charge of fraud was not sustained ; and it is said that the court held that, as the reports made by the guardian had been approved by the court, the statements therein could not be controverted. Whether the court so held is regarded as doubtful ; but, conceding it to be so, and that the holding is erroneous, it at most was error without prejudice, in so far as the fraud is concerned. There is no evidence, in our judgment, tending to show any fraudulent acts or conduct on the

1. APPEAL: finding of court: evidence to support.

part of the defendant. She made her reports from time to time, and the same were approved by the court. There is no pretense that the court was in any respect deceived or imposed upon. The reports are full, complete and explicit, and no attempt at concealment appears on the face thereof, or is made apparent by the evidence introduced. It will be conceded that mistakes therein and omissions therefrom do appear ; but that such mistakes and omissions were made with any wrongful design or purpose does not appear. The appraisement was made by the brothers and brother-in-law of the plaintiff, and there is evidence tending to show that defendant acted under their advice to at least a considerable extent. It is true, the evidence is conflicting upon this point, but the evidence is such that we would not be justified in disturbing the finding of the court. We concur in the proposition that the charge of fraud has not been sustained.

II. Counsel for plaintiff, with much force and vigor, contend that the finding of the court that the defendant had properly administered the estate, except as the court found otherwise, is not sustained by the evidence. Here we are next met with the difficulty that this case is not triable *de novo* in this court. The evidence is conflicting as to the specific matters wherein it is alleged the defendant has failed to account for all the property that came into her hands. There is evidence upon which the finding of the court can be well and fairly sustained. We desire also to say that the reports, approved as they were by the court, must be regarded as at least *prima facie* correct, entitling the defendant to the credits appearing in them. *Latham v. Myers*, 57 Iowa, 519 ; *Brewer v. Stoddard*, 49 Iowa, 279.

THE SAME.

2. GUARDIAN : report of: conclusiveness.

We do not deem it necessary to set out the evidence, for the reason that we think counsel will concede there is evidence tending to support the finding of the court ; and under the settled practice we cannot disturb the finding in an action or special proceeding which does not pertain to the domain of equity.

Complaint is made that the court allowed the defendant compensation for the services of her attorney.

**3. ——: reports assailed: attorney fee for defense.** We deem it sufficient to say we do not feel disposed to interfere with the order of the court in this respect.

. AFFIRMED.