Jones v. Field.

## JONES et al. v. FIELD & Co. et al.

1. **Estates of Decedents**: NUNC-PRO-TUNC ENTRY: FORMER ADJU-DICATION. In a proceeding by administrators for an order *nunc pro tunc* in regard to the payment of the claims of creditors, inquiry as to the order actually made, and sought to be made of record in this proceeding, was not barred by a later adjudication which overruled a motion of the administrators to correct the record, where it appears that that motion could not be found at the time of the hearing, and its contents, and the relief which it demanded, could not be ascertained from the record in regard to it, and it was thus uncertain whether the relief asked in that case was substantially the same as was demanded in this.

2. ———: ———: ———. In such case, the order which plaintiffs claimed the court had made was for the payment of forty per cent. on all approved claims of the third class, which included the claims of defendants. After the date of such alleged order, defendants herein filed a motion for an order to require the payment of their claims in full, before paying the other creditors, on the ground that they were entitled to priority for reasons stated. Afterwards the court overruled a motion of the administrators to strike this motion from the files, and an order was made, which was somewhat ambiguous, directing the payment of creditors ( presumably those who united in the motion ) first out of certain moneys in the hands of the administrators. *Held* that this was not an adjudication which barred the inquiry necessary to grant-ing the relief sought in this case, because it was not regarded as final by the court and the parties, but the issue raised by those motions was set down for trial, and a trial was had, and evi-dence introduced as to the alleged priority of defendants' claims.

3.  ———: ———: EVIDENCE TO WARRANT.  Where in such case the report of the administrators asked for an order allowing the payment of forty per cent. of the allowed claims of the third class, and set out facts which showed that such payment could be made, and the indorsement of the judge on the report, and the entry in his docket, indicated that he made the order requested, and there was evidence tending to show that an order approving the report, and authorizing the payment in question, was announced by the court, and the attorney who made the report understood that the order had been made, and the administrators at once, and apparently in good faith, acted upon that understanding and made payments, *held* that this was competent and sufficient evidence to warrant the court in this case in making an order for the entry, *nunc pro tunc*, of the order so alleged to have been made.  (See opinion for citations.)

*Appeal from Cass District Court.*—HON. C. F. LOOFBOUROW, Judge.

FILED, MAY 26, 1890.

THIS is a proceeding for an order *nunc pro tunc* in regard to the payment of the claims of creditors. Relief was granted as prayed, and defendants appeal.

*Willard & Willard* and *L. L. DeLano,* for appellants.

*H. G. Curtis,* for appellees.

ROBINSON, J.—On the twentieth day of April, 1885, the administrators of the estate of J. L. Jones, deceased, filed in the circuit court of Cass county their annual report. That showed that they had allowed claims to the amount of $7,438.94, and that there was then on hand, as the proceeds of certain property, after paying the expenses of selling it, and after paying all claims of the first and second class, the sum of $3,479.23. The administrators asked in the report that an order be made allowing them to pay forty cents on the dollar of the third-class claims. The report was presented to the court for approval, and the judge of the court indorsed thereon, in pencil, the

following: "App. ordered to make payment of a dividend of forty per cent." In the judge's docket, he made the following entry in pencil: "April 22, 1885, report of administrators approved, and administrators ordered to make distribution of funds on hand." The clerk made an entry in the proper record of the circuit court, which is as follows: "Now, on this day, to-wit: April 22, 1885, this cause coming on for hearing on the report of the administrators filed herein April 20, and upon an examination of said report by the court, and it appearing therefrom that the administrators have now in their hands the sum of $——, it is, therefore, ordered by the court that the administrators make distribution of the funds in their hands among the creditors of said estate." Thereupon the administrators paid out of the money in their hands forty per cent. of the claims filed and approved, excepting those of Marshall Field & Co. and E. S. Jaffray. Those creditors refused to accept the amounts tendered. After the payments were made, Marshall Field & Co. and others filed a motion to require the administrators to first pay their claims, alleging, as reasons therefor, that they were creditors of a copartnership of which decedent was a member at the time of his death, and that all the property which came into the hands of the administrators was the property of that copartnership, and as such liable for the payment of the firm debts; that their claims to the funds in the hands of the administrators were entitled to priority over the claims of individual creditors of decedent.

On the seventeenth day of November, 1886, the administrators filed a motion to strike the motion of the creditors from the files. On the twentieth day of November, 1886, the motion of the administrators was overruled; and they were ordered to pay to certain creditors, presumably those who had united in the motion, "the amount ordered, on distribution of the funds in their hands, first on the claims of the above-named creditors, out of the funds in their hands arising out of the sale of the stock of goods sold belonging to

the firm of Jones & Ketchum." The order was excepted to by the administrators. It appears that the cause, on motion of the creditors, was then set down for trial, and that the administrators filed an answer to the motion. On the issues thus raised there was a trial by the court, and the cause was fully submitted on the fourteenth day of March 1887. After the submission, and on the same day, "the administrators filed motion to correct record." On the seventh day of May, 1887, the court found and adjudged that the individual creditors of decedent were not entitled to any part of the assets of his estate until the firm creditors should be paid in full, and that the order of April 22, 1885, constituted no bar to the motion of the firm creditors, for the reason that it was merely an order to make distribution according to law, and not one contemplated by section 2427 of the Code. Payment was ordered made in accordance with the findings of the court, and the motion of the administrators to correct the record was overruled. From the judgment and order no appeal was taken. On the eighth day of June, 1888, this proceeding was commenced and resulted in granting an order *nunc pro tunc*, made on the twenty-sixth day of June, 1888.

I. The order which the district court found that the circuit court in fact made on the twenty-second day of April, 1885, and which it directed to be made of record as of the proceedings of the court on that date, is as follows: "This matter coming on for hearing before the court upon the report of the administrators filed herein on the twentieth day of April, 1885, and it appearing from said report that disbursements have been made by the administrators in the sum of $1,430.09; that there is now in the hands of said administrators cash to the amount of $3,479.25; and that claims to the amount of $7,438.94 have been filed and allowed as claims of the third class, it is adjudged that said report be, and the same is, approved; that the disbursements so made by the administrators be passed to their credit; and that the said administrators pay upon the claims as allowed

1. ESTATES of decedents: nunc-pro-tunc entry: former adjudication.

forty per cent. of the amount of each out of the funds now in their hands." It is contended by appellants that inquiry in this proceeding as to the order actually made on the twenty-second day of April, 1885, is barred by the adjudication of May 7, 1887, which overruled the motion of the administrators to correct the record. It is said that motion asked substantially the same relief as is demanded in this case. An alleged copy of the motion is set out in the abstract, which tends to sustain the claim of appellants. But it is shown that the motion could not be found at the time of the hearing, and was not presented to the district court prior to the rendering of its decision, if at all. It will not, therefore, be considered by us. The record in regard to it, which was all the court could have considered, did not show its contents, nor the relief which it demanded.

II.   It is insisted that the order of November 20, 1886, is a bar to this proceeding, for the reason that the motion of the administrators to strike from the files the motion of the creditors was then overruled, and an order was made to pay the claims of creditors first out of the funds in their hands. The order referred to, so far as it is material to this inquiry, is hereinbefore set out. It appears upon examination to be ambiguous and uncertain in some respects. But it is clear, from the subsequent order of the court and action of the parties in interest, that it was not regarded as having the effect now claimed for it by appellants, for the reason that the cause was thereafter set down for trial on the merits; and such a trial was had, and considerable evidence was introduced as to the alleged priority of the claims of the creditors. Under these circumstances the order of November 20 was, in effect, merely the allowance of the claims of the creditors, conferring authority on the administrators to pay them. Nothing in the language used requires us to give to it the effect now contended for by appellants. We conclude that the decision of the court below is not shown to be erroneous by reason of a prior adjudication.

2. THE same.

III. It is insisted that the evidence does not show that the circuit court ever made the order as found by the district court, and that it does show that the order actually made was duly entered of record by the clerk. The assignment of errors does not raise the question of the sufficiency of the evidence to sustain the decisions of the court; but, if that point be waived, we are of the opinion that there is not such an absence of evidence as will authorize us to interfere with the order made. The record does not show that the entry made by the clerk was approved by the court, while the condition of the entry appears to have been such as to warrant the court in concluding that it was unfinished. The blank to show the amount of money in the hands of the administrator was unfilled. The words "*pro rata*" had been added to the entry by the clerk, and erased by pencil marks. It occupied but a small part of the space assigned to it. The report of the administrators asked for an order allowing the payment of forty per cent. of the claims filed, and set out facts which showed that such payment could be made. The indorsement of the judge, and the entry in his docket, indicate that he made the order requested by the administrators. There is evidence tending to show that an order approving the report, and authorizing the payments in question, was announced by the court; and the attorney who presented the report understood that the order had been made. The administrators at once, and apparently in good faith, acted upon that understanding. It has been held that there can be no judgment until it is entered in the proper record of the court. *Balm v. Nunn*, 63 Iowa, 645. See, also, *Miller v. Wolf*, 63 Iowa, 237, and cases therein cited. But those cases do not determine what is competent evidence in a proceeding to correct or supply the record of a judgment. When the record entry is lost or destroyed, the judgment may be shown by secondary evidence. *Moore v. McKinley*, 60 Iowa, 373. The memoranda of a judge entered in his docket

are not required by law to be kept, and, therefore, are not a part of the record. But they are in the nature of instructions to the clerk; and, when duly authenticated, as they were in this case, are entitled to weight. *Keller v. Killion,* 9 Iowa, 529; *Smith v. Cumins,* 52 Iowa, 144; *In re Estate of Edwards,* 58 Iowa, 433. The evidence as to the order actually made is sufficient to sustain the decision of the district court, and we think it was right. *Fuller v. Stebbins,* 49 Iowa, 376; *Latham v. Myers,* 57 Iowa, 521.                    AFFIRMED.