IN THE MATTER OF THE GUARDIANSHIP OF ELIZABETH O. CARTER, NOW ELIZABETH O. RUBY; M. M. CARTER, Guardian.

Guardian and Ward:  ALLOWANCE FOR SUPPORT:  FRAUD AND COLLUSION.   In general a parent is not entitled to an allowance from a ward's funds for its support, but where an allowance is made by the probate court on application, the same is presumed to be correct and will be sustained unless fraud is shown.   Evidence in the case examined and held to show fraud and collusion between the parent and guardian.

*Appeal from Keokuk District Court.*—Hon. A. R. Dewey, Judge.

Saturday, April 11, 1903.

In his final report to the lower court, M. M. Carter, as guardian of Elizabeth O. Carter, now Elizabeth O. Ruby, asked credit, among other items, for· the amount paid to Icephene Knight, the mother of the ward, as compensation for the ward's support. To this report the ward filed objections, directed entirely to the allowance of this ·item, which objections were overruled, and the ward appeals. —*Reversed.*

*D. W. Hamilton* for appellant.

*C. M. Brown* and *J. P. Talley* for appellee.

McClain, J.—The final report of the guardian was filed in January, 1901. In December, 1899, the mother, who, after the death of the ward's father, had intermarried with one Frank Knight, joined with him in making a claim against the ward's estate for $350 for board and clothing furnished the ward during several years, which claim was approved by the guardian, and allowed by the probate court. As we understand the record, immediately after the allowance of the claim the amount thereof was paid to the mother of the ward, and the objection of the ward to the guardian's final report is predicated on the claim that this sum was improperly allowed and paid. But as the allowance was made by the probate court, and the objection to the final report was disallowed when it was interposed, and as there is some evidence that the allowance was reasonable and proper, we cannot interfere with the finding of the trial court, unless on the ground that the allowance was, as is alleged, made through fraud and collusion on the part of the guardian. While, in gen-

eral, a parent is not entitled to an allowance out of the ward's estate for the support of the child, yet there may be circumstances under which such an allowance is proper. *Welch v. Burris*, 29 Iowa, 186; *Gerdes v. Weiser*, 54 Iowa, 591. It is also true that application should be made to the probate court for an order before contracting any indebtedness for support. But, even though application is not made until after support has been furnished, if the claim therefor is reasonable and just, it may be allowed, and payment ordered. *Welch v. Burris*, [supra; *Latham v. Myers*, 57 Iowa, 519. Where authority is not given before the expense is incurred, the propriety of it may be passed upon when allowance is asked. But the action of the probate court in making the allowance is presumed to be correct, and will be sustained, unless fraud is shown. *Latham v. Myers, supra*. The real question to be determined, then, is whether there was fraud and collusion on the part of the guardian in approving the claim when it was presented in December, 1900. The fact is clearly shown, however, by the evidence, that in 1896 a claim for $800 was filed by the mother against the ward's estate for maintenance of the ward up to that time; that on demurrer to this claim, based on the ground that the court had no power to order an allowance for past support to the mother and her husband, who stood in *loco parentis* to the ward, the claim was disallowed; that the claim which is now in controversy was for the same period of time as to which the former claim was disallowed; that the guardian, notwithstanding the former disallowance, made no resistance to the present claim, but on the contrary, approved it, and that he failed to call the attention of the judge to the fact of such previous disallowance. It also appears that he had some pecuniary transaction with the husband of the ward's mother about the time of the allowance of this claim with reference to the sale to such husband of a tract of land, and that he

applied the money allowed as a payment from said husband to him thereon. We think the circumstances clearly show fraud and collusion on the part of the guardian in securing the allowance of this claim for his own personal advantage. The guardian testifies that he thought the first claim presented was too large, and that he consented to the allowance of the present claim because it was for a reasonable amount. But, if the first claim was too large, the proper objection would not have been by way of demurrer to the entire claim, but by objection to the allowance of more than a reasonable amount; and while, as already indicated, an allowance may, under exceptional circumstances, be made to a parent for past support of the ward, we think it was grossly unjust to the ward's estate, after the court had disallowed such a claim, as it might properly do in the exercise of its discretion, to secure its subsequent allowance, without at least calling the court's attention to its previous action. The guardian is not entitled to any particular consideration by reason of having paid out the money of the ward in pursuance of the order which was made in 1899, for that order was, as we have seen, induced by the guardian himself, and secured wholly on the basis of his approbation, and, as we hold, his act in securing such allowance was fraudulent and collusive.

The judgment of the lower court is REVERSED.

DEEMER, J., agrees to conclusion.