In the Matter of the GUARDIANSHIP AND CONSERVATORSHIP OF Ronald Lee HUNTER.

STATE of Iowa ex rel. UNIVERSITY OF IOWA HOSPITALS AND CLINICS, Appellant,

v.

Michael J. HUNTER, as Guardian and Conservator of the estate of Ronald Lee Hunter, Appellee.

No. 88–839.

Supreme Court of Iowa.

June 14, 1989.

Thomas J. Miller, Atty. Gen., and Robin G. Formaker and Richard E. Mull, Asst. Attys. Gen., for appellant.

Wallace L. Taylor, Cedar Rapids, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, SNELL and ANDREASEN, JJ.

McGIVERIN, Chief Justice.

This appeal involves the priority of a claim in probate brought by the University of Iowa Hospitals and Clinics to funds received by the guardianship and conservatorship of Ronald Lee Hunter. The issue presented is whether the hospital lien perfected by University Hospitals, for expenses incurred in treating Ronald Hunter's injuries, is entitled to priority over claims for attorney fees and litigation expenses incurred in pursuing a personal injury action in Ronald Hunter's behalf. We conclude that the hospital lien is subordinate to the claims for attorney fees and expenses. Accordingly, we affirm as modified the decision of the district court and remand with directions.

I. *Background facts and proceedings.* On October 23, 1984, Ronald Lee Hunter was seriously injured in an automobile accident.

He received treatment for his injuries at the University of Iowa Hospitals and Clinics through the State Indigent Care Program. *See generally* Iowa Code ch. 255 (1983). The cost of this treatment exceeded $111,000. University Hospitals subsequently perfected a hospital lien for these expenses pursuant to Iowa Code chapter 582.

Thereafter, Michael J. Hunter, Ronald's brother and his guardian and conservator, retained counsel through a contingent fee contract. The contract also obligated the fiduciary to pay for court costs and other expenses incurred in pursuing the ward's claims. A lawsuit was filed in the Iowa district court for Story County against a number of parties for Ronald's injuries, including the driver of the vehicle involved, two taverns, and the State of Iowa. The claims against the two taverns were settled for a total of $15,000. The driver took bankruptcy. The claim against the State, which was not related to the services provided by the University Hospitals, proceeded to trial which culminated in a jury verdict in favor of the State. An appeal from the judgment on the verdict was previously affirmed by this court and is not presently at issue. *See Hunter v. Smith,* 438 N.W.2d 18 (Iowa 1989) (table).

On December 23, 1987, the final day of trial, the conservator's settlement involving the taverns was approved by the district court. *See* Iowa Code § 633.647(5) (1987). The order further provided:

[T]he Guardian and Conservator shall pay from the proceeds of such settlement the attorney fee and expenses arising from the Story County lawsuit, and any remaining balance shall be paid to University of Iowa Hospitals, pursuant to their lien, as provided in Chapter 582 of the Iowa Code, and the Guardian and Conservator shall make an accounting to the Court showing these payments.

Thereafter, the State filed an application to modify the settlement order seeking, among other things, that the entire settlement proceeds be distributed to the State pursuant to the lien of the University of Iowa Hospitals and Clinics.

After hearing, the district court denied the State's application to modify the prior order and ruled the claims of the attorney for the guardianship and conservatorship relative to the Story County lawsuit had priority over the claims of University Hospitals. The court also ruled that the contingent fee contract was fair and reasonable and that no itemization of the attorney's services was required. Thus, under the provisions of the contract, the attorney was entitled to a fee equal to one-third of the settlement amount. The court did not specifically readdress payment of litigation expenses in this ruling.

The State filed its notice of appeal from the last ruling of the district court. On appeal, the State contends that the hospital lien has priority over the claims for attorney fees and expenses in the settlement proceeds, and, alternatively, that the district court must hold a hearing and require an itemization of attorney fees and litigation expenses incurred by the guardian and conservator prior to approval.

The guardian and conservator cross-appealed, noting the State's appeal prevented a timely motion to enlarge the district court's order, *see* Iowa R.Civ.P. 179(b), 247, and now seeks a determination that litigation expenses also have priority over the hospital's lien.

■ II. *The State Indigent Patient Care Program.* Treatment for Ronald Hunter's injuries was provided under a State program which was created by the

legislature in 1915, prior to the advent of the federal Medicare or state Medicaid programs. *See* 1915 Iowa Acts ch. 24; Iowa Code ch. 255 (1987). The State Indigent Patient Care Program pays for health care of indigent persons at the University of Iowa Hospitals and Clinics. *See* Gittler, *Hospital Cost Containment in Iowa: A Guide for State Public Policymakers*, 69 Iowa L.Rev. 1263, 1273 (1984).

At common law, a recipient of public assistance was not obligated to reimburse the State for the assistance provided. *Department of Human Services v. Brooks*, 412 N.W.2d 613, 614 (Iowa 1987). Iowa Code chapter 255, however, empowers the State, on behalf of the University Hospitals, to recoup the expenses incurred through the indigent patient program. This power is granted in Iowa Code section 255.30 (1987) which provides in part:

Whenever a patient or person legally liable for the patient's care at the hospital has ... rights of action against others, ... the university hospital, ... through the facilities of the attorney general's office is hereby authorized to file claims, institute or defend suits in courts, and use such other legal means as may be available to collect accounts incurred for the care of indigent ... patients....

When involving claims against third parties who are legally responsible for the patient's injuries, the authority of the University Hospitals created in section 255.30 is analogous to the subrogation rights vested in the department of human services under the Medical Assistance Act, Iowa Code chapter 249A. *See* Iowa Code § 249A.6(1) (1987); *Brooks*, 412 N.W.2d at 614–15.

III. *The priority of the hospital lien.* In the present action, University Hospitals sought to recoup the expenses incurred in treating Ronald Hunter by enforcement of a perfected hospital lien.

Iowa Code section 582.1 defines a hospital lien as follows:

Every association, corporation, county, or other institution, including a municipal corporation, maintaining a hospital in the

state, which shall furnish medical or other service to any patient injured by reason of an accident not covered by the workers' compensation Act, shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien on that part going or belonging to such patient of any recovery or sum had or collected or to be collected by such patient or by the patient's heirs or personal representatives in the case of the patient's death, whether by judgment or by settlement or compromise to the amount of the reasonable or necessary charges of such hospital for the treatment, care, and maintenance of such patient in such hospital up to the date of payment of such damages; *provided, however, that this lien shall not in any way prejudice or interfere with any lien or contract which may be made by such patient or the patient's heirs or personal representatives with any attorney or attorneys for handling the claim on behalf of such patient, the patient's heirs, or personal representatives....*

(Emphasis added.)

The State argues on appeal that the present dispute pits an attorney's claim for fees against that of a hospital, and that Iowa Code section 582.1 does not specifically establish a priority between the two. Thus, the State asserts that we must apply a "first in time first in right" rule regarding priority.

We have considered the operation of the hospital lien statute on only one other occasion. In *Broadlawns Polk County Hospital ex rel. Fenton v. Estate of Major*, 271 N.W.2d 714 (Iowa 1978), an attorney agreed to prosecute a personal injury action for a one-third contingent fee. The suit resulted in a settlement of $85,000. Approximately $17,500 of this amount was earmarked to discharge the injured party's hospital expenses, upon which the hospital had perfected a lien. Concerning the attorney's claims against the estate and the hospital, we held the hospital was entitled to the entire sum it was due for the injured party's treatment and the attorney was entitled to a one-third share of the total

settlement recovery. *Id.* at 717. Because the amount of the settlement in that case more than covered the injured party's hospital expenses and attorney fees, we were not concerned with the relative priorities of those kinds of claims. *Id.* at 716, n. 2. Thus, the issue currently before us is one of first impression.

When a statute is clear on its face, we need not refer to rules of statutory construction to give the statute effect. *Brooks*, 412 N.W.2d at 616, citing *Koch v. Kostichek*, 409 N.W.2d 680, 684 (Iowa 1987). The terms of Iowa Code section 582.1 concerning the priority of hospital liens as against claims for attorney fees and expenses are clear.

Iowa's hospital lien statute and statutes like it in other jurisdictions reflect a legislative recognition of the fact that "a contingent fee is the customary arrangement in negligence cases, and that it is the efforts and skill of the lawyer which result in the recovery of anything for the patient and the hospital." *Vinzant v. Hillcrest Medical Center*, 609 P.2d 1274, 1277 (Okla.1980) (construing Oklahoma's hospital lien statute which resembles Iowa Code section 582.1); *accord St. Joseph Hospital v. Quin*, 241 Md. 371, 382, 216 A.2d 732, 738 (1966) (construing the analogous Maryland hospital lien statute); *Abbondola v. Kawecki*, 177 Misc. 122, 124, 29 N.Y.S.2d 530, 532 (1941) (citing New York's hospital lien statute). By protecting the claims of attorneys, these lien statutes encourage the pursuit of the patient's claims against third parties responsible for the patient's injuries.

In examining the language of Iowa Code section 582.1, two phrases in particular indicate that attorney fees and expenses have priority over hospital liens. First, the statute protects "any lien or contract" between a patient and the attorney employed to pursue claims on the patient's behalf. In this way, the protection is not limited to claims under the attorney lien statute, Iowa Code section 602.10116, but also extends to matters that are not included in a lien, or, for that matter, for services which are yet to be rendered. Second, the statute limits hospital liens from "in any way"

causing prejudice or interfering with the relationship between the attorney and the patient. This limitation obviously accords the broadest protection in favor of the attorney-client relationship and is designed to encourage the retention of counsel and promote the unrestrained pursuit of the patient's claims.

We believe granting hospital liens priority over the claims of an attorney to funds received in legal actions would impermissibly interfere with the pursuit of the patient's claims and would be contrary to the express terms of the statute. Therefore, we affirm the order of the district court which ruled that the claim for attorney fees has priority over the claim of the University Hospitals.

■ Similarly, we believe that granting lien priority to hospital liens over litigation expenses would interfere just as substantially with the pursuit of the patient's claims. Thus, the proviso contained in section 582.1 also protects against subordination of these expenses. Therefore, we affirm the original order of the district court which granted priority to the claims of the guardian and conservator for litigation expenses over the lien of the University Hospitals.

IV. *Court approval of fees and expenses.* The State also contends that the district court erred in approving the payment of attorney fees and litigation expenses incurred by the guardian and conservator without an accounting or itemization of those claims or a hearing thereon.

■ Regarding attorney fees, Iowa Code section 633.200 governs the compensation of fiduciaries and their attorneys and provides:

> The court shall allow and fix from time to time the compensation for fiduciaries, other than personal representatives, and their attorneys for such services as they shall render as shown by an *itemized claim or report* made and filed setting forth what such services consist of during the period of time they continue to act in such capacities.

(Emphasis added.) This provision is applicable to conservators and their attorneys. *See* Iowa Code § 633.633 (1987); *Warfield*

*v. Warfield,* 74 Iowa 184, 188, 37 N.W. 144, 146 (1888).

■ In the present case, the guardian and conservator retained an attorney under a contingent fee contract. In its ruling on the State's motion to reconsider, the district court found the contingent fee arrangement was just and reasonable, and ordered that the attorney for the guardian and conservator was entitled to a fee equal to one-third of the settlement recovery. Upon review, we find the attorney's report as to his services was sufficient under the present circumstances and that no further accounting or itemization was necessary. Therefore, the portion of the district court's decision concerning the amount of the attorney's fee is affirmed.

■ Regarding litigation expenses, the district court approved the expenses from the Story County lawsuit without itemization in its December 23, 1987, order. As we stated above, expenses incurred in pursuing all claims on behalf of the ward enjoy priority over the University Hospital's claims based upon the hospital lien. This priority, however, does not release the conservator from compliance with the approval requirements contained in the Code concerning satisfaction of claims on the ward's behalf. *See* Iowa Code §§ 633.647(5), 633.-653–.667. An itemization of these expenses remains necessary. Therefore, that portion of the district court's decision, concerning payment of expenses, excluding attorney fees, is modified to require application by the fiduciary for authorization of payment of specific expenses of the litigation and the conservatorship. The application shall be set for hearing with notice given to University Hospitals. After hearing, the court shall approve payment of such specific expenses and costs as are proper and reasonable.

In light of our disposition of the State's appeal, the guardian and conservator's cross-appeal is moot.

V. *Disposition.* We conclude that the hospital lien perfected by the University Hospitals under Iowa Code section 582.1 is subordinate to the claims for litigation expenses and attorney fees incurred by the guardian and conservator in pursuing legal

actions for Ronald Hunter's injuries. Further, we conclude the contingent fee arrangement with the attorney for the guardian and conservator was reasonable and required no itemization or accounting in order to be approved. The other expenses incurred in the litigation, however, must be approved by the court following proper application as stated above.

The guardian and conservator's cross-appeal, being moot, is dismissed.

While this appeal was pending, the proceeds of the settlement were placed in escrow with the clerk of district court for Calhoun County. After hearing on a proper application concerning litigation expenses and costs of the guardianship and conservatorship, the district court shall enter an order consistent with this opinion directing distribution of the proceeds held in escrow to Hunter's attorney, to payment of specific litigation expenses and costs approved by the court, and the balance to University Hospitals on its lien.

Costs are taxed to appellant, University Hospitals.

APPEAL AFFIRMED AS MODIFIED AND REMANDED; CROSS–APPEAL DISMISSED AS MOOT.