In the Matter of the Conservatorship of Lucille A. HOLMBERG, Aged and Infirm.

Donald HOLMBERG, Attorney-in-fact for the Ward–Appellant,

v.

UNITED BANK AND TRUST, AMES, IOWA, Conservator–Appellee.

No. 91–112.

Court of Appeals of Iowa.

Jan. 29, 1992.

Charles R. Bartel, Student Atty., and Mark Smith, Program Director of Drake

Senior Citizens Legal Services, Des Moines, for appellant.

John L. McKinney, Ames, for appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

·HAYDEN, Judge.

Lucille Holmberg fell and injured herself at a motel in September 1983. As a result of that fall and a subsequent operation, Mrs. Holmberg was in a coma for approximately seven months. On October 5, 1983, Mrs. Holmberg's son, Donald Holmberg, filed a petition for appointment of conservator. United Bank & Trust was appointed conservator. George Clark, Mrs. Holmberg's attorney for many years, was designated as the attorney for the conservator. Attorney John McKinney was named guardian ad litem for Mrs. Holmberg.

In August 1985 the conservator made application for authority to prosecute a claim for personal injury on behalf of the ward. Clark agreed to represent the conservator in that action. In August 1985 the district court authorized the conservator to prosecute the claim and approved Clark's representation on a one-third contingent fee basis. Apparently, the ward's children were not aware of the contingent fee. They thought the suit was to be prosecuted on an hourly basis.

In May 1987 the conservator received a $60,000 settlement of the personal injury claim. Clark deposited the entire amount into his trust account, deducted his one-third fee, and sent the remainder to the conservator.

Eventually, the ward's assets began to deplete. The conservator asked Mr. Holmberg to take over management of his mother's affairs. Subsequently, Mr. Holmberg received a power of attorney from the ward, and the conservator took steps to close the conservatorship.

While the conservatorship was in existence annual reports were filed and approved by the court. The annual reports included payment of fees to Clark. In May 1990 the conservator filed its final report.

After being approved, Mr. Holmberg requested a hearing on the conservatorship. Mr. Holmberg indicated Clark might be a witness at the hearing; thus, John McKinney was designated by the conservator as the attorney who would handle the hearing.

Following the hearing, the district court approved the supplementary final report. The court rejected Mr. Holmberg's complaints concerning the contingent fee arrangement and the payment of attorney fees to Clark. The court also approved McKinney's fees for representing the conservatorship in this matter and the priority of his fees over other debts owed by the ward to a nursing home. Mr. Holmberg appeals from the district court's ruling.

In this equity action, our review is de novo. Iowa Code § 633.33 (1991). We give weight to the trial court's fact findings, especially on credibility, although we are not bound by them. *In re Estate of Simon*, 288 N.W.2d 549, 551 (Iowa 1980).

Following Mrs. Holmberg's accident, the Holmberg children pressed Clark and the conservator to file a claim against the motel. Clark and the conservator were not optimistic about the results of such a lawsuit and tried to discourage the Holmberg children from pursuing the claim. Clark wrote a letter to the children indicating he did not believe the suit was worth pursuing and the chances of success were minimal. In the letter, Clark indicated he would only agree to take the case if his services were paid on an hourly basis. Clark testified he indicated this manner of payment in an attempt to dissuade the children from pursuing the claim. Clark believed the lawsuit could possibly cost the conservatorship more than could be recovered. The children were not convinced, however, and continued to press the conservator to bring suit. Clark and the conservator eventually agreed to prosecute the claim.

Before commencing suit, Clark discussed his concern with the conservator that compensation for his services on an hourly basis could deplete the ward's limited assets. They agreed proceeding on a contingent fee basis, rather than an hourly basis, would be in the best interests of the ward.

Clark obtained an order authorizing the conservator to initiate and prosecute the claim. That order was not a necessary prerequisite as a conservator has the power to commence a lawsuit on behalf of a ward without prior order of court. Iowa Code § 633.646(1) (1991). In that order, the court specifically approved the one-third contingent fee arrangement as a fair method of compensation for Clark's services. Although the ward's children were never provided a copy of that order, Clark was under no legal duty or obligation to do so.

Approximately a year and a half later, a proposed settlement of $60,000 was approved by the court. Thereafter, Clark made an accounting to the conservatorship. The conservator filed the annual report for the calendar year 1987 along with its accounting. The annual report was approved by the court.

Mr. Holmberg contends the district court erred in approving the final report because Clark was not entitled to the contingent fee he received for his services in the personal injury action. We affirm the trial court.

Contingent fee contracts have long been recognized by the Iowa Supreme Court as valid. *Wunschel Law Firm, P.C. v. Clabaugh*, 291 N.W.2d 331, 333 (Iowa 1980). Such contracts have been held valid specifically in the context of prosecuting a personal injury action on a ward's behalf. *See In re Guardianship of Hunter*, 442 N.W.2d 94 (Iowa 1989).

In the present case, the district court specifically approved the contingent fee arrangement as a fair method of compensation for Clark's services. In approving the final report, the district court stated:

> For the Court to adopt the position set forth by Mr. Holmberg, it would have to find that both Barbara Brinkmeyer, for the Conservator, and George Clark, as the attorney for the Conservator, lied when they testified that they reached an agreement before the commencement of the lawsuit that he would handle the case

on a contingency fee basis. The court is unwilling to do this.

We are likewise unwilling to adopt Mr. Holmberg's position. As we have noted, the trial court is in a much better position to weigh the credibility of witnesses than are we. Furthermore, because of the uncertainty of any recovery and the ward's depleting assets, we find the contingent fee agreement between Clark and the conservator was entered in good faith to protect and conserve the ward's assets. We hold the contingent fee arrangement was proper and accordingly affirm the trial court on this issue.

■ Mr. Holmberg also claims the district court erred in approving the payment of Clark's fees in the absence of an accounting or itemization of his services prior to collecting his fee. A similar contention was raised in *In re Guardianship of Hunter*, 442 N.W.2d 94 (Iowa 1989). In *Hunter*, the conservator retained counsel through a contingent fee contact. *Id.* at 95. The conservator's claims against one party to the litigation were settled and approved by the district court. The district court ordered the conservator to pay attorney fees from the settlement proceeds. *Id.* The State filed an application to modify the settlement order. *Id.* at 96. The district court denied the State's application to modify the prior order and ruled the one-third contingent fee arrangement was fair and reasonable, and no itemization of the attorney's services was required. *Id.* On appeal, the State contended it was error to approve the payment of attorney fees incurred by the conservator without an accounting or itemization of those claims. *Id.* The Iowa Supreme Court held, under these circumstances, the contingent fee arrangement with the attorney for the conservator required no further itemization or accounting in order to be approved. *Id.* at 98–99. We likewise hold no further accounting or itemization was required in the present case.

Finally, Mr. Holmberg asserts the district court erred in approving McKinney's fees for representing the conservatorship in this matter because (1) McKinney's fees

were an unnecessary expense to the estate resulting from the conduct of the conservator and its attorney, Clark, (2) the fees were unreasonable, and (3) a previously filed claim for the ward's care had priority over McKinney's fees. We address each assertion in turn.

■ Willful misconduct of a fiduciary may be grounds to disallow compensation. *See In re Guardianship of Liggett*, 327 N.W.2d 779, 781 (Iowa App.1982). We find no such conduct on the part of the conservator or its attorney in the present case. The necessity of the hearing in this matter was caused by Mr. Holmberg's refusal to accept that his mother's conservatorship was properly managed. We hold McKinney's fees were a necessary expense to the estate.

■ We also determine McKinney's fees were reasonable. McKinney's application for attorney fees was supported by an itemized statement indicating he had spent a total of fifteen and one-half hours on this case and his fee was based on a charge of $90 per hour.

■ Finally, relying on Iowa Code section 633.425 the district court determined McKinney's fees had priority over a previously filed claim of a nursing home responsible for the ward's care. Mr. Holmberg maintains the district court should have relied on section 633.667 and ordered the "pro rata payment of claims [thus] giving the claimants the same priority, if any, as they would have if the ward were not under conservatorship." Iowa Code § 633.-667 (1991). We reject Mr. Holmberg's assertion.

Section 633.425 establishes the priority of debts and charges when there are insufficient assets to pay in full all debts and charges. Costs of administration, other than court costs, rank second in priority. *See* Iowa Code § 633.425(1), (2) (1991). Iowa Code section 633.3(8) defines costs of administration to include attorney fees. Other "claims" rank ninth in priority. Iowa Code § 633.425(9). From this classification system, it is clear the legislature intended to distinguish "claims," such as

those of third-party creditors, from the costs of administration which includes attorney fees. Section 633.667 only addresses the payment of "claims" and makes no reference to the payment of attorney fees or other costs of administration. Therefore, we conclude the district court properly treated McKinney's fees as a cost of administration under section 633.425. As such, his fees had priority over the claim of the nursing home.

We affirm the judgment of the district court. Costs of appeal are taxed to Mr. Holmberg.

AFFIRMED.