Brad **BAKER**, Appellee,

v.

**IOWA METHODIST MEDICAL CENTER,** Appellant.

No. 94–1580.

Supreme Court of Iowa.

Jan. 17, 1996.

Glenn Goodwin of Finley, Alt, Smith, Scharnberg & May, P.C., Des Moines, for appellant.

Christopher D. Spaulding, Des Moines, for appellee.

Considered by HARRIS, P.J., and CARTER, LAVORATO, SNELL and ANDREASEN, JJ.

CARTER, Justice.

Iowa Methodist Medical Center (Iowa Methodist), which claims to have a lien on a bodily injury damage recovery, appeals from the district court's judgment confirming the lien as to only part of the patient's recovery. The injured patient who obtained medical services from Iowa Methodist is the plaintiff, Brad Baker. The district court confirmed Iowa Methodist's hospital lien on the damages Baker recovered from the liability insurer of the tortfeasor who injured him. It refused, however, to confirm a hospital lien on the recovery Baker obtained from his own underinsured motorist carrier. After reviewing the record and considering the arguments presented, we reverse the judgment of the district court. We remand the case to that court with directions to confirm Iowa Methodist's lien on both the recovery from the tortfeasor's insurer and Baker's own underinsurance carrier.

Baker was involved in a motor vehicle accident on April 6, 1993. As a result of personal injuries sustained in that accident, he received medical care at Iowa Methodist. The hospital asserts that the present unpaid charges for that care total $33,589.28. Iowa Methodist filed with the clerk of the district court a notice that it was asserting a lien for $33,589.28 against any sums collected or to be collected by Baker from responsible parties as a result of his injuries. Notice of the lien was given to Jason Curtis, the driver of the automobile that collided with Baker causing his injuries. Notice of the lien was also given to Curtis's liability insurance carrier. Ultimately, Baker recovered the policy limits of Curtis's liability insurance, which totaled $20,000. In addition, Baker was paid the sum of $20,000, which was the coverage limit of his own underinsured motorist coverage.

Baker commenced this action, which he has labeled an "interpleader." It is in fact not a true interpleader action because the disputed res has not been tendered into court. Rather, it has been placed in a special bank account under the control of Baker and his attorney. The fact that it is not truly an interpleader action does not prevent an adjudication of the rights of the parties to the disputed res.

The district court found and concluded that Iowa Methodist's lien was fully perfected on the $20,000 recovery from the tortfeasor's liability insurer. It concluded that no lien had been perfected on the recovery obtained from Baker's own underinsured motorist carrier because that entity had not been given the statutory notice of a hospital lien that is required by Iowa Code section 582.2 (1993).

Iowa Methodist asserts on this appeal that the lien arising by operation of law under Iowa Code section 582.1 is valid and enforceable against the underinsured motorist recovery in Baker's control irrespective of its failure to give notice to the payor of those funds. Baker urges that the district court's ruling on this issue was correct and, in the alternative, that because the recovery resulted from his efforts he should be allowed to keep some equitable portion thereof free of the hospital's claims. We consider these issues as well as the rights of Baker's attorney to be paid from the recovery.

## I. The Scope of Iowa Methodist's Hospital Lien.

The statutes that control the result of this litigation are the following:

Every association, corporation, county, or other institution, including a municipal corporation, maintaining a hospital in the state, which shall furnish medical or other service to any patient injured by reason of an accident not covered by the workers' compensation Act, shall, if such injured party shall assert or maintain a claim against another for damages on account of such injuries, have a lien upon that part going or belonging to such patient of any recovery or sum had or collected or to be

collected by such patient, or by the patient's heirs or personal representatives in the case of the patient's death, whether by judgment or by settlement or compromise to the amount of the reasonable and necessary charges of such hospital for the treatment, care, and maintenance of such patient in such hospital up to the date of payment of such damages; provided, however, that this lien shall not in any way prejudice or interfere with ... any attorney or attorneys for handling the claim....

Iowa Code § 582.1.

No such lien shall be effective, however, unless a written notice containing the name and address of the injured person, the date of the accident, the name and location of the hospital, and the name of the person or *persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries received,* shall be filed in the office of the clerk of the district court of the county in which such hospital is located, prior to the payment of any moneys to such injured person, the person's attorneys or legal representative, as compensation for such injuries; nor unless the hospital shall also mail, postage prepaid, a copy of such notice with a statement of the date of filing thereof to the person or persons, firm or firms, corporation or corporations alleged to be liable to the injured party for the injuries sustained prior to the payment of any moneys to such injured person, the person's attorneys or legal representative, as compensation for such injuries. *Such hospital shall mail a copy of such notice to any insurance carrier which has insured such person, firm or corporation against such liability, if the name and address shall be known.*

Iowa Code § 582.2 (emphasis added).

■ As a first matter to be settled, we conclude, and Baker does not argue strongly to the contrary, that the words "any recovery or sum ... collected or to be collected" embrace Baker's underinsured motorist recovery as well as his tort recovery. The issue then is whether the lien to which Iowa Meth-

odist is entitled has been lost for failure to give proper notice.

■ Relying on the last sentence in section 582.2, which we have italicized, Iowa Methodist argues that no notice to the underinsured motorist carrier was required because it was not aware of that carrier's involvement. We believe that the language on which Iowa Methodist relies applies to liability insurance carriers for the tortfeasor and not to underinsured or uninsured motorist coverages. Carriers that provide the latter type of coverage are persons, firms, or corporations "alleged to be liable to the injured party for the injuries received," and thus are required to be notified of the lien under section 582.2.

■ We conclude that in order to satisfy section 582.2 Iowa Methodist was required to give Baker's underinsured motorist carrier notice of its lien. We disagree with the district court, however, as to the consequences of failing to give that notice on the insurance payment still held by Baker and maintained intact. We are convinced that the purpose of the notice requirements in section 582.2 is to advise damage payers as to the potential liability under section 582.3 should they not act to protect the hospital's lien rights. These notice provisions are not for the benefit of the injured patient who is not required to be notified by section 582.2. As to the injured patient, the lien is imposed by operation of law under section 582.1 and continues as long as the funds obtained as recovery for bodily injury remain intact and identifiable. To their credit, Baker and his attorney have maintained these funds inviolate in connection with the present dispute. The district court should have thus confirmed Iowa Methodist's lien on the entire $40,000 recovery made by Baker.

## II. *Baker's Entitlement to an Equitable Reduction of the Lien.*

■ Baker has argued in the alternative that in a matter tried by equitable proceedings, as this was, the court should reduce the hospital's lien by some equitable amount because of his efforts in recovering the funds from which the hospital will benefit. Unfortunately, from Baker's point of view, we have

recognized that "[c]ourts of equity can no more disregard statutory requirements than can a court of law." *Madrid Lumber Co. v. Boone County*, 255 Iowa 380, 384, 121 N.W.2d 523, 525 (1963).

In enacting the hospital lien statutes that govern this controversy, the legislature had to be aware that the injured person would take the laboring oar in collecting damages from third parties. The hospital, as a mere creditor, has no basis for proceeding against those persons in its own right. Yet, as to the entire amount of damages collected, the statute grants the hospital a lien for all "reasonable and necessary charges of [the] hospital for the treatment, care, and maintenance of [the] patient." Iowa Code § 582.1. We have no basis in law for reducing the amount of the hospital's lien.

### III. *Rights of Baker's Attorney.*

Iowa Methodist concedes that Baker's attorney, who appears to have worked under a one-third contingent fee contract as to both the tort recovery and the underinsured motorist recovery, has a prior claim to those funds as a result of our decision in *In re Guardianship of Hunter*, 442 N.W.2d 94, 99 (Iowa 1989). Baker, however, argues that the amount of his total obligation to the hospital should be reduced by all or a substantial portion of the attorney fees to be paid because the benefit of the attorney's services inures almost exclusively to Iowa Methodist. Stated somewhat differently, Baker asserts that the issue should be viewed as if all of the recovery up to the amount of Iowa Methodist's lien were paid to the hospital and then the hospital paid the attorney fee from its share.

The argument now being advanced was rejected by this court in *Broadlawns v. Estate of Major*, 271 N.W.2d 714, 717 (Iowa 1978). There, there was a settlement of a personal injury action for $85,000. There was a hospital lien in the amount of $17,563.09. After reduction for a one-third attorney fee, there would have been settlement corpus of approximately $57,000—more than sufficient to cover the hospital lien. The patient in that case argued, however, that the debt should be reduced by a portion of the attorney's fee. We disagreed and held that the hospital could recover its entire debt. A similar result prevailed in *Hunter*, 442 N.W.2d at 99.

We have considered all issues presented and conclude that the judgment of the district court should be reversed. The case is remanded to that court for a revised judgment confirming Iowa Methodist's lien on both the $20,000 tort recovery and the $20,000 underinsured motorist recovery.

**REVERSED AND REMANDED.**