# IN THE COURT OF APPEALS OF IOWA

No. 17-1897
Filed January 9, 2019

**PAUL CRAIG JEFFRIES and GERALD JEFFRIES, as Co-Administrators of the ESTATE OF FANCHON B. JEFFRIES, deceased,**
    Plaintiffs-Appellants,

**vs.**

**CENTRAL IOWA HEALTH SYSTEM D/B/A UNITYPOINT HEALTH – DES MOINES and IOWA METHODIST MEDICAL CENTER, and CENTRAL IOWA HOSPITAL CORP. D/B/A UNITYPOINT HEALTH – DES MOINES and IOWA METHODIST MEDICAL CENTER,,**
    Defendants-Appellees.
_____

        Appeal from the Iowa District Court for Polk County, Jeffrey D. Farrell,

Judge.


        Appeal from the grant of summary judgment in an action for breach of

contract. **AFFIRMED.**


        Glenn L. Norris of Hawkins & Norris, P.C., Des Moines, for appellants.

        Eric G. Hoch and Erik P. Bergeland of Finley Law Firm, P.C., Des Moines,

for appellees.


        Heard by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**McDONALD, Judge.**

In July 2016 the estate of Fanchon Jeffries brought this suit against Central Iowa Health System d/b/a UnityPoint Health, et al. (collectively, hereinafter "the hospital"). The estate asserted, as relevant here, two claims for breach of contract. The gravamen of the suit relates to the hospital's bill for services provided to Jeffries in 1998 and 1999 after Jeffries was in a serious car accident. In its first count for breach of contract, the estate claimed Jeffries was a third-party beneficiary of a provider agreement between the hospital and the Health Care Financing Administration n/k/a Centers for Medicaid and Medicare Services. The estate claimed the hospital violated Jeffries' rights under the provider agreement when the hospital placed a hospital lien on any insurance and settlement proceeds Jeffries was to receive as a result of the accident and failed to remove the lien after 120 days. This claim was resolved in a 2006 settlement agreement between Jeffries and the hospital. In the estate's second count for breach of contract, the estate claimed the hospital violated the 2006 settlement agreement when it performed the terms and conditions of that agreement because the agreement itself was in violation of federal and state law. The district court granted the hospital's motion for summary judgment, and the estate timely filed this appeal.

"We review the decision to grant summary judgment for errors at law." *Miller v. Marshall Cty.*, 641 N.W.2d 742, 746 (Iowa 2002). "Summary judgment is appropriate only when the entire record demonstrates that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Stevens v. Iowa Newspapers, Inc.*, 728 N.W.2d 823, 827 (Iowa 2007).

The district court did not err in granting the hospital's motion for summary judgment with respect to the estate's third-party-beneficiary claim. The claim is frivolous. At oral argument, the estate conceded there is actually no contract between the hospital and the government. One cannot be a third-party beneficiary of a non-existent contract. The estate's contention that it can be a third-party beneficiary of a statutory provision governing billing between service providers and the government is without merit. The statute at issue is 42 U.S.C. section 1395cc(a)(1)(A)(i) (2016). At best, the estate could have asserted a claim for a private right of action under the statutory provision, but it did not do so. Even if it had, that claim is also without merit. *See Joiner v. Med. Ctr. E., Inc.*, 709 So. 2d 1209, 1221 (Ala. 1998) (rejecting the claim); *Speegle v. Harris Methodist Health Sys.*, 303 S.W.3d 32, 38 (Tex. App. 2009) (rejecting the claim); *see also* U.S. Dep't of Health & Human Servs., Ctrs. for Medicare & Medicaid Servs., Medicare Secondary Payer (MSP) Manual, ch. 2, § 40.2(B) (2016), http://www.cms.hhs.gov/manuals/downloads/msp105c02.pdf [hereinafter MSP Manual] (governing billing practices between providers and Medicare). Furthermore, Jeffries settled and released this claim in the 2006 settlement agreement. Finally, the estate's claim is barred by the statute of limitations. *See* Iowa Code § 614.1(5)(a) (2016). For these reasons, we affirm the district court's grant of summary judgment on this count.

The district court did not err in granting the hospital's motion for summary judgment with respect to the estate's claim for breach of the settlement agreement. The estate concedes the hospital performed under the terms of the agreement. The estate argues, however, the settlement agreement violates federal Medicare

regulations, as provided in 42 C.F.R. 411.54(c)(2) (1998), and Iowa subrogation law, as provided in Iowa Code § 668.5(3) and (4). The estate's argument is without merit. *See Baker v. Iowa Methodist Med. Ctr.*, 542 N.W.2d 847, 850 (Iowa 1996) (finding a hospital lien creates a creditor-debtor relationship); *see also Joiner*, 709 So. 2d at 1221 (rejecting the claim); *Speegle*, 303 S.W.3d at 38 (rejecting the claim); MSP Manual, ch. 2, § 40.2(B) (governing billing practices between providers and Medicare).

To the extent the estate now asserts a claim for unjust enrichment, we decline to address the issue. The estate failed to present such a claim to the district court and cannot raise the claim for the first time on appeal. *See Johnston Equip. Corp. of Iowa v. Indus. Indem.*, 489 N.W.2d 13, 16 (Iowa 1992).

We have considered the parties' arguments whether or not set forth in full herein. We affirm the judgment of the district court without further opinion.

**AFFIRMED.**

Vogel, P.J., concurs; Vaitheswaran, J., concurs specially.

**VAITHESWARAN, Judge** (concurring specially)

I specially concur.  The district court dismissed the first count on statute-of-limitations grounds alone.  The court did not reach the merits of the claim.  I would conclude error was not preserved on a challenge to the merits, and I would affirm on statute-of-limitations grounds alone.